## Van Zandt, Trustee, *v.* The Argentine Mining Co.

*(Circuit Court, D. Colorado. June 16, 1881.)*

1. MINERAL LANDS—TERRITORY COMMON TO TWO CLAIMS—TITLE.

As between two locators, the boundaries of whose respective claims include common territory, priority of location confers the better title, provided a vein in place was discovered in the discovery shaft, and provided, also, that it extended to the ground in controversy.

2. SAME—LOCATIONS.

Nor are the rights of the parties changed by the fact that the senior location was on the dip of the lode; the junior on the top, or apex.

Action to recover possession of the Adelaide mining claim, in California district, Lake county, Colorado.

Plaintiff offered evidence to prove that the claim was located by Walls and Powell in the year 1875. As to marking the boundaries of the claim on the surface of the ground, and the finding of valuable ore in the discovery shaft, the evidence was slight; and defendant objected to plaintiff's record title on the ground that these facts were not shown. As there was some evidence on both points, the court held that the paper title should be received. In the original certificate of location the description of the claim contained no reference to a natural object or permanent monument; but this was corrected in an amended certificate, and both were received, although it was held that the first was fatally defective. Having declared for the entire interest in the claim, plaintiff failed to show title from the original locators to an undivided one-third interest. One of the deeds upon which he relied was not sufficiently proved, and upon defendant's objection it was excluded. Thereupon he moved for leave to make the grantor in that deed, in whom the title to the said one-third interest would rest, (assuming that instrument to be void,) a party plaintiff in the suit. And this was denied by the court: *First,* because the deed, for aught that appears, was effectual between the parties to it to transfer the property; and, *second,* a stranger should not be made a party to the suit without his knowledge and consent, which is not shown. Plaintiff then suggested to the court that, upon

his declaration for the whole interest, he could take a verdict for two-thirds, pursuant to sixth paragraph of section 251 of the Code of Procedure of the state. But the court was of the opinion that section 249 of the Code, which requires the plaintiff to state the interest claimed by him, should control, and that plaintiff, having declared for the whole, could not recover an undivided interest. Nevertheless, the plaintiff was allowed to amend his complaint at the trial so as to demand but two-thirds interest, and the court said that this was often done; for, the plaintiff having first asked judgment for the whole, the defendant cannot now be surprised that he asks only a part. In the further trial of the cause it appeared that the defendant claimed under two locations, called the Camp Bird and Pine, which it held by patent from the government. Plaintiff's claim is in the general course north and south, or, to be exact, north 33 deg. 10 min. east. Defendant's two claims, overlapping the other somewhat transversely, are in the general course east and west. The contesting claims have the relation of the jaws of shears, and the ground in controversy is that included in the space of intersection and a small part of the Adelaide claim immediately north of the intersection. The discovery shaft of the Adelaide claim is or was at the north end of the claim, and some 300 or 400 feet from the ground in controversy. By later operations, and the erection of a mill and ore-house in the vicinity, it had been filled, and the position of it in the claim was not *very* well shown. Between this shaft and the ground in controversy there were no openings to prove that the lode extended in that direction, and whether it did so extend was strongly controverted. Defendant gave evidence to prove that no mineral was found in the discovery shaft, and that the condition of the ground was such that, if any was found there, it was broken and fragmentary, or, in other words, of the character of float mixed with the slide on the surface of the mountain. It appeared, however, that plaintiff and his grantors had maintained possession of the premises from the first, had made valuable improvements on the claim, and had carried on extensive mining operations at and near the ground in controversy. The Camp Bird and Pine discoveries were west of the ground in controversy 200 or 300 feet, and, as defendant contended, on the top and apex of the lode, which at that point extended almost directly across those locations. The defence, by answer, to the support of which many witnesses were brought into court, was that the ore in controversy was a part of the vein which defendant held by its top and

apex. If what has been said to explain the position of the claims is intelligible, it will be apparent that in this view the Adelaide location extended across the vein and on its dip, below the top and apex, which was to the west of that location. And as the Adelaide location was first in time, it became a question whether a location so made and otherwise sufficient would be valid against a junior location on the top and apex of the vein. This having been ruled as expressed in the charge to the jury, much testimony as to the top and apex of the vein, and the continuance of the vein to the ground in controversy, was withheld, and the case stood on the validity of plaintiff's location, whether a vein *in place* was found in the discovery shaft of that location, and whether the vein, if found there, extended to the ground in dispute.

*Chas. S. Thomas, Thos. M. Patterson* and *Jas. B. Belford,* for plaintiff.

*H. C. Thatcher* and *G. B. Reed,* for defendant.

HALLETT, D. J., *(charging jury.)* The questions to be determined on the evidence relate to the plaintiff's location, which he calls the Adelaide. As to the work on the ground necessary to a valid location, the statute of the state provides, among other things, that a discovery shaft shall be sunk to the depth of at least 10 feet, or deeper, if necessary, to find a well-defined crevice. And the federal statute declares that no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located. The position of the plaintiff is that Walls and Powell, the locators of the Adelaide claim, found a lode or vein in the discovery shaft sunk by them, and that position is controverted by defendant. I do not recall anything said by witnesses as to a crevice in that shaft; but there is some testimony to the effect that ore bearing silver was found there. If you find from the evidence that such ore was taken from the Adelaide discovery shaft, it is important to consider whether it existed in mass and position; or, in other words, in the form of a vein or lode; or, on the other hand, in a broken and fragmentary condition, intermingled with the slide and *debris* on the surface of the mountain. For it rests with the plaintiff to show that ore was found in the discovery shaft, and also that the same body, vein, or lode extends to the ground in controversy. Of course, if ore was found in the discovery shaft, and the ore so found was broken and fragmentary, it cannot be said that a body of ore—a vein or lode—was found in that shaft which extends to the ground in dispute. So that,

if you find that no ore was discovered in the discovery shaft of the Adelaide claim, or if ore was found in that shaft and it was broken and fragmentary, your verdict will be for the defendant. And in this view—that is, assuming the facts to be as stated—the circumstance that plaintiff's grantors afterwards developed the body of ore in controversy higher up the mountain side, will not affect the result. For a location rests on what may be found in the discovery shaft; and if nothing is found there, or if what is found there does not extend beyond the limits of the shaft, the discovery of a body of ore elsewhere in the claim will not avail. But if a vein or lode was found in the discovery shaft of the Adelaide claim, and it extends throughout the ground in controversy, the plaintiff may prevail.

Something has been said as to whether the locators complied with the other provisions of the statute relating to posting notice of the discovery on the claim, staking the boundaries, all of which must be shown in evidence to constitute a valid location. If you find these things to be proved, and that a vein or lode was found in the discovery shaft, the question remains whether such vein or lode extends to the ground in controversy. Upon the evidence here it may come to the point whether the lode of ore found in the several shafts on the hill was also found in the discovery shaft of the Adelaide claim. Nevertheless, if you believe from the evidence that a vein or lode was found in the discovery shaft, and that it is not the same as the vein or veins found in the shafts on the same claim, higher up the hill, but that it extends throughout the claim, the plaintiff may prevail.

This being shown, although defendant's locations may appear to you to be along the line of the top, apex, or outcrop of the vein, it cannot prevail against a senior location on the dip of the lode. That plaintiff's location is of earlier date than either of defendant's, may be assumed upon two grounds—*First*, the date is shown as August, 1876, and in the absence of evidence we cannot presume that the others are of earlier date; *second*, in the patent put in evidence by defendant the Adelaide surface ground is excepted from the grant. This may be *prima facie* evidence that the Adelaide claim is of older date than the others, but it is not evidence of anything more.

In taking the patents in that form there was no recognition of the plaintiff's right, or the validity of the Adelaide claim; nor is the defendant in any way precluded thereby from contesting that claim.

The exception in the patent to the Pine claim, to which reference has been made by counsel, does not in any way relate to the matters

in controversy here. It should not have any weight whatever with you. The matters in issue are as herein stated, and you will determine them according to the rules now given you, and by the preponderence of evidence. The burden is on the plaintiff to establish every material fact, as hereinbefore declared.

The jury returned a verdict for plaintiff.