(May 11, 1900.)

## CLEARWATER SHORT LINE RAILWAY v. SAN GARDE.

[61 Pac. 137.]

MINING—LOCATION NOTICE.—A location notice of a mining claim, which fails to give the direction of the initial point, or permanent monument to which it is attempted to tie the location, from the point of discovery, is void under the statutes of Idaho. *Brown v. Levan,* 4 Idaho, 494, 46 Pac. 660, affirmed.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

James E. Babb, for Appellant.

The Butcher Boy mining location notice, under which, solely, defendants claim an interest in the premises in the controversy, was void for each of the following reasons, to wit: It did not give the direction for the distance of six hundred feet from the discovery monument to the mouth of Big Canyon creek, the natural object to which it was attempted to tie the claim. (*Brown v. Levan,* 4 Idaho, 794, 46 Pac. 661.) The affidavit to the notice of location was void, in that it was in the alternative, stating that the affiant was a citizen of the United States, or had declared his intention to become such. (1 Ency. of Pl. & Pr. 221, 222; *Hinchey v. Nichols,* 72 N. C. 66.)

James W. Reid, for Respondents.

Does the notice sufficiently describe the claim? The reason for a notice and its essentials, and the rules construing the

same liberally for the locator, are fully discussed by Mr. Lindley. (1 Lindley on Mines, secs. 350-360; *Brady v. Husby,* 21 Nev. 453, 33 Pac. 801; *Carter v. Bacigalupi,* 83 Cal. 187, 23 Pac. 361; *Gird v. California Oil Co.* (Colo.), 60 Fed. 531; *Book v. Justice Min. Co.* (Nev.), 58 Fed. 106; *Cheesman v. Shreeve* (Colo.), 40 Fed. 787; *Foxon v. Barnard,* 4 Fed. 702; *Garthe v. Hart,* 73 Cal. 541, 15 Pac. 93; *Omar v. Soper,* 11 Colo. 380, 7 Am. St. Rep. 246, 18 Pac. 443; *Washington etc. R. Co. v. Osborne,* 2 Idaho, 557, 21 Pac. 421.)

HUSTON, C. J.—This is an appeal from an order of the district court of Shoshone county refusing to continue until trial an injunction theretofore issued in this action. The facts, in brief, are as follows: The plaintiff is a railway corporation engaged in the construction of a railroad through a portion of Shoshone county. Prior to the ninth day of January, 1899, the plaintiff surveyed the definite line (its proposed) line of railroad over the land in controversy, and on or about the twenty-seventh day of January, 1899, filed with the register of the United States land office at Lewiston, in the state of Idaho (that being the land office for the land district where the land in controversy is located), a profile of its said road located over the said land, for the approval of the secretary of interior, in accordance with the rules and regulations of the department of the interior, under the act of Congress entitled "An act granting to railroads the right of way through the public lands of the United States," approved March 3, 1875. Defendants claim that on the twenty-second day of August, A. D. 1898, they, being citizens of the United States, made a location of a quartz mining claim upon the land in controversy, under and by virtue of a location notice as follows: "Notice is hereby given that I, the undersigned citizen of the United States of America, conforming to the mining laws thereof and of the state of Idaho, and the local rules, regulations, and customs of miners, have this twenty-second day of August, 1898, located, and do claim, 1,500 linear feet on this lead, lode, or vein, bearing mineral in place; the same being 750 feet in a southeast direction from the discovery stake,

and 750 feet in a northwest direction therefrom, by 600 feet in width; the same being 300 feet on each side of the middle thereof—together with all dips, spurs, and angles, and all other veins or lodes the top or apex of which lie within said boundaries. This location is named the Butcher Boy quartz claim, lode, or mine, and is situated in (on) the South Fork Clearwater unorganized mining district, Shoshone county, state of Idaho, and is bounded and described as follows: The discovery stake or monument is 600 feet from the mouth of what is known as 'Big Canyon.' Commencing at discovery, running 750 feet southeast to S. E. end center, thence 300 feet south to south cor., thence 1,500 feet to N. west cor., thence 300 feet N. E. to northwest end center, thence 300 feet north to north cor., thence 1,500 feet to east corner, thence 300 feet to south end center, and back to place of beginning. Discovered on the twenty-second day of August, A. D. 1898. Located on the —— day of ————, A. D. 1898. Locators and claimants: Jethro J. T. San Garde. L. M. Tidwell." Subsequently one Mike Curen made a location covering the identical ground covered by defendants' location, and thereafter deeded a right of way over the same to plaintiff. The principal (in fact, the sole) question presented to us is as to the validity of the defendants' location.

It is objected by appellant that the location notice of defendants is fatally defective, in that it does not give the direction for the distance of 600 feet from the discovery monument to the mouth of Big Canyon creek, the natural object to which it was attempted to tie the claim. Section 3101 of the Revised Statutes of Idaho, as amended by Laws 1895 (see Laws 1895, p. 26), providing what shall be the requisite of a mining location (i. e., what the location notice shall contain), provides, *inter alia,* as follows: "Sixth, the distance and direction from the discovery monument to such natural object or permanent monument, if any such there be, as will fix and describe in the notice itself, the location of the claim." The mouth of Big Canyon is the "natural object or permanent monument" to which it is sought or attempted to tie the loca-

tion; but no direction is given in the notice, no point or place in the mouth of the Big Canyon is designated, and consequently the latitude of the area which might be covered by the locator in surveying or changing his location from the point of discovery is entirely indefinite. In *Brown v. Levan,* 4 Idaho, 494, 46 Pac. 661, in construing this statute, we held that "permanent monuments may exist before the location, or may be erected for the purpose of tying the claim to them; but then courses and distances from them to discovery stake or corner stakes, or some other object on the ground, must be stated with reasonable accuracy." It does not appear from the record what the width of the mouth of the canyon is. A location 600 feet from the mouth of the canyon, without any indication as to the direction from the point of discovery, would include a swinging privilege, which it is the purpose of the statute to avoid and prevent. We think the rule laid down in *Brown v. Levan* was correct, and we adhere to it. The location in this case was void. The order of the district court is reversed, and the cause remanded to the district court, with directions to continue the restraining order granted by said court during the pendency of this action. Costs to appellant.

Sullivan, J., concurs.

Quarles, J., did not sit in the case, and took no part in the decision.