[Civil No. 636.    Filed March 15, 1899.]

[56 Pac. 723.]

## CLARA KINNEY, Plaintiff and Appellant, v. JAMES A. FLEMING et al., Defendants and Appellees.

1. MINES AND MINING—LOCATIONS — ABANDONMENT — EVIDENCE — RE- LOCATION.—A mining claim was located in the name of four persons, by one person, who testified he wrote the names of the other co-locators to the location notice, and only one of the others had anything to do with the claim, and that, after making a little monument and sinking about three feet, he and the one of his partners mentioned decided that it was no good, destroyed the monument, and abandoned it. Upon such abandonment the ground is subject to immediate relocation by others without waiting until the location became forfeited by reason of non-compliance with the statute requiring the sinking of a discovery shaft, recording notice, and building the monuments within ninety days.

2. SAME—SAME—EVIDENCE—LOCATION NOTICE—ACTS OF LOCATION IN- DEPENDENT OF NOTICE.—Where an action to quiet title to mining ground is brought before the expiration of the time allowed by statute for the filing of the notice of location, acts of location, independent of the certificate of location, are admissible.

3. SAME—SAME — LOCATION NOTICE — LAWS ARIZ. 1895, ACT No. 42, SECS. 1, 2, CONSTRUED—SUFFICIENCY OF NOTICE—EVIDENCE.—Loca- tion notice examined and held to be a sufficient compliance with the requirements of the statute, *supra,* to be admissible in evidence.

4. SAME—SAME—SAME—MINE "PERMANENT MONUMENT" WITHIN THE
    MEANING OF LAWS ARIZ. 1895, ACT No. 42, SEC. 1—POSITION OF
    MINE.—A mine referred to by name, as was the Joyce Mine, is a
    permanent monument, within the meaning of the statute, *supra*,
    and if the claim is stated to lie "just east of the Joyce Mine," its
    position is defined.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Gila. F. M.
Doan, Judge. Affirmed.

The facts are stated in the opinion.

J. S. Sniffen, and Owen T. Rouse, for Appellant.

No mere relocation for forfeiture made before the forfeiture
actually attaches by actual default would be valid to defeat
the claim. *Jupiter Min. Co.* v. *Bodie Cons. Min. Co.,* 7 Saw. 96.

Where one locates a claim before the former owner is in
default, such relocation does not lay the foundation for a
valid claim, nor does the relocation become valid upon the
first locator's subsequent default. It is a mere nullity. *Sla-
vonian Min. Co.* v. *Perasich,* 7 Fed. 331; *Belk* v. *Meagher,* 3
Mont. 65; *Belk* v. *Meagher,* 104 U. S. 279.

A failure to comply with local rules and regulations and
customs does not work a forfeiture unless the rules expressly
so declare; and where parties claim a forfeiture under local
rule or custom, the rule is to be strictly construed against
a forfeiture. *Rush* v. *French,* 1 Ariz. 99; *Jupiter Min. Co.*
v. *Bodie Cons. Min. Co.,* 7 Saw. 96; *Jupiter Min. Co.* v. *Bodie
Cons. Min. Co.,* 11 Fed. 680; *Oreamuno* v. *Uncle Sam Min.
Co.,* 1 Nev. 215; *Colman* v. *Clements,* 23 Cal. 248.

Mere failure to do work, while it may cause a forfeiture,
does not constitute an abandonment. *Lakin* v. *Sierra Buttes
G. M. Co.,* 25 Fed. 337; *Morenhaut* v. *Wilson,* 52 Cal. 263;
*Depuy* v. *Williams,* 26 Cal. 309.

Edwards & Stoneman, for Appellees.

In proving the identity of a mining claim the rule is, that
monuments will control courses and distances. *McEvoy* v.
*Heyman,* 15 Min. Rep. 397; *Cullacott* v. *Cash,* 8 Colo. 179;
*Book* v. *Justice,* 58 Fed. 106; *Higueras* v. *United States,* 5
Wall. 827; *Howe* v. *Bass,* 2 Mass. 380, 3 Am. Dec. 59; *Brad-
ford* v. *Hill,* 1 Hayw. 30, 1 Am. Dec. 546.

If the center line be sufficiently described, it is enough to state that the claim is for a specified number of feet on each side of the line. *Carter* v. *Bacigalupi,* 83 Cal. 187, 23 Pac. 361; *Duryea* v. *Boucher,* 67 Cal. 141, 7 Pac. 421; *Bennett* v. *Harkrader,* 158 U. S. 441, 15 Sup. Ct. 863.

Notices of mining claims should be liberally construed. *Book* v. *Justice,* 58 Fed. 107.

STREET, C. J.—1. The appellant brought an action in the district court of Gila County against appellees to quiet title to a certain mine or mining claim, located on the twelfth day of September, 1896, called the ''Deep Down Mining Claim.'' Defendants made answer, and denied the validity of the location of the Deep Down mining claim, but admitted the acts of the location thereof. As a further answer they alleged that they were in possession of the ground covered by the Deep Down mining claim, by virtue of being the owner of a mining claim called the ''Skull,'' located on the fourth day of September, 1896. Said action was not brought as an adverse, pursuant to an application for patent. Neither party at the time of the commencement of the action or at the trial thereof had made application for patent to either of these claims. On the trial of the case plaintiff asserted, and adduced some evidence to prove, that at the time defendants had located the Skull mining claim the ground was not open to location, by reason of the same having been located on the 13th of June, 1896, by A. O. Crane, John Kasser, George Gessell, and W. J. Grandstaff, and known as the ''Damfino Mining Claim''; that the ground covered by both the Skull claim and the Deep Down claim was the same as that covered by the Damfino mining claim; and that the ground was not open to location or relocation until the expiration of ninety days from the 13th of June, 1896,—to wit, the 11th of September, 1896. It was asserted by the defendants that the Damfino mining claim, located on the 13th of June, 1896, was not a valid mining claim, and, further, that before the Skull mining claim was located the locators of the Damfino mining claim had abandoned the ground. The cause was tried to the court without a jury, and upon that point the court found that ''on the 13th day of June, 1896, Crane, Kasser, Gessell, and Grandstaff attempted to locate a mining claim em-

bracing substantially the same property as that located by the defendants, which attempted location was not sufficient to withdraw the same from the public domain of the United States, and that the locators thereof were not in possession of said property on the 4th day of September, 1896." The assignments of error and the argument of appellant related principally to the judgment of the court being contrary to the evidence in the case, and urged particularly the existence of the Damfino claim at the time the Skull claim was attempted to be located.

2. It is well settled by numerous decisions, and by our own court, that when a location has once been made the ground covered thereby is not public mineral land open to location, and no one can make any other location thereon so long as the first location is a subsisting one; so, if appellant's contention that the Damfino claim was existing at the time the Skull claim was located be true, the finding of the court would be erroneous. We have made a careful examination of the evidence in regard to the location of the Damfino mining claim, and of the acts of the parties whose names were connected with the location after the date the location notice bore. Grandstaff alone made the location and wrote the names of the other co-locators to the location notice. None of those whose names are on the location notices ever did anything, or ever attempted to do anything, except Grandstaff and Gessell, and none but Grandstaff and Gessell seemed to know anything about the claim, or, in fact, to know that their names were on the location notice. Grandstaff says that he "made a little monument, and put the notice in it, and built another one right up above it; that he sunk about three feet; that one of his partners [Gessell] came down and looked at it, and they both decided that it was no good, and destroyed the monument, and that that was all that was ever done on the claim; that the claim was abandoned because it was no good; that, in two or three days after he had written the notice and built the monument, he went away, and left the territory, with the intention of having nothing further to do with that claim, as he regarded it of no account. Gessell and myself both abandoned the claim. The others never did anything with it." Abandonment has always rested in intention, as well as in acts accompanying the intention. Under the statute a locator

of a mining claim may have ninety days in which to sink his discovery shaft, record his notice, and build his monuments; yet if, after putting up the initial °monument and examining the claim, he wishes to abandon it, and does tear down the monument and go away with the intention of not going back, and, in fact, pays no further attention to the claim, the land covered by the claim is open to location the moment such act takes place and such intention is formed, and others wishing to relocate the ground would not be required to wait until it became forfeited by reason of a non-compliance with the statute in sinking a discovery shaft, recording the notice. and building monuments.

3. Objection is made by appellant to the introduction of the location notice of the Skull mining claim by appellees, and, because it was received as evidence, she assigns error. By looking at the record we discover that appellant brought her action before the expiration of the time allowed by statute for the filing of the notice of location with the recorder; and hence, when appellant attacks the location of the Skull claim, appellees would have to show only the acts of location, independent of a certificate of location. Session Laws of 1895 (act No. 42, sec. 1) prescribe: ''Every notice of a location of a mining claim shall contain: 1st. The name of the claim located. 2nd. The name of the locator. 3rd. The date of the location. 4th. The number of feet in length of said claim and the number of feet claimed on each side of the center of the discovery shaft, lengthwise of the claim. 5th. The general course of the lode, deposit or premises located. 6th. The locality of the claim with reference to some natural object or permanent monument as will identify the claim.'' Section 2 provides that a certificate not containing these things shall be void, which, by inference, means that, if it does contain these things, it is valid. Let us see the location notice: ''Notice is hereby given that the Skull mining claim, containing mineral-bearing quartz, rock, or earth in place, located by James A. Fleming and J. M. Ford, on this 4th day of September, 1896, has been located for mining purposes. Said claim is 1,500 feet in length; and we claim 300 feet on each side of the center or discovery shaft, for the full length of the claim. The general course of this lode deposit or premises is easterly and westerly. This claim is situated in Globe

Mining District, Gila County, territory of Arizona, about six miles in a westerly direction from Globe, about one half mile south of the junction of Webster and Lost gulches, and lays just east of the Joyce Mine.'' It is signed by James A. Fleming and J. M. Ford, locators; contains the file mark of December 3, 1896, which is within the ninety days from date of location, and after the suit by appellant was commenced. It is readily to be seen that every specification of the statute has been complied with. It is true that the position of the monuments as built upon the ground was described in such a way as to direction as to be confusing; but if the statutory requirements were complied with, the notice would be sufficiently correct to allow its admission as evidence when offered by defendant. It has been repeatedly held that a mine referred to by name, as was the Joyce Mine, is a permanent monument, and, if the claim lay just east of the Joyce Mine, its position is defined. Referring to a mine in a location notice casts upon the party attacking the notice the burden of showing that there is no such mine as referred to. The evidence of the locator of the Skull mining claim described particularly and distinctly the nine monuments that were built, marking its exterior boundaries; and, even if appellees could have been called upon to produce their certificate of location in the trial of a suit which had been commenced before the time in which the statute required a location notice to be recorded, we hold, with the district court, that the location notice complied with the statute sufficiently to admit it as evidence. The judgment of the district court is affirmed.

Sloan, J., and Davis, J., concur.