FARMINGTON GOLD MINING CO., A CORPORA-
TION, APPELLANT *v.* RHYMNEY GOLD AND
COPPER COMPANY, A CORPORATION, RESPOND-
ENT.

MINING CLAIM—MARKED ON GROUND—SEC. 2324 R. S. U. S.—COM-
PLIED WITH—FINDING OF TRIAL COURT—WHEN ASSUMED COR-
RECT—LOCATION—OF MINING CLAIM—IN GOOD FAITH—LANGUAGE
IN DESCRIPTION NOTICE TO SUBSEQUENT LOCATORS — STATUTE
RESPECTING MINING LOCATIONS — LIBERALLY CONSTRUED — SUF-
FICIENT TIE IN NOTICE.

*Mining Claim — Marked on Ground — Sec. 2324 R. S. U. S.—Com-
plied with.*

Whether or not a mining claim is marked on the ground suffi-
ciently to show a compliance with the first clause of Sec.
2324 R. S. U. S. is a question of fact to be determined from
proof *aliunde,* and the manner of marking is not required to
be stated in the notice.

*Finding of Trial Court—When Assumed Correct.*

The trial court having found, *inter alia,* that plaintiff and its
grantors have been in possession since location and that they
have complied with the laws of the U. S., and the local laws,
customs and regulations of the mining district, and the record
containing no evidence to the contrary, this court must
assume that the finding is correct and hold that the claim
was sufficiently marked on the ground.

*Location—Of Mining Claim—In Good Faith—Language in Descrip-
tion Notice to Subsequent Locators.*

Where a mining location is made in good faith, the locator
should not be held to a strict technical compliance with the
law in respect to his location notice, and if, by any reasonable
construction, in view of the surrounding circumstances, the
language employed in the description will impart notice to
subsequent locators, it is sufficient.

*Statute Respecting Mining Locations — Liberally Construed — Sufficient Tie in Notice.*

> The statute respecting the location of mining claims should be construed with liberality, and the sufficiency of the location, with reference to natural objects or permanent monuments, is simply a question of fact.[1]

( Decided October, 25, 1899. )

Appeal from the Second District Court, Davis County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff to quiet title of certain mining claims in Davis county to which it was alleged that defendant wrongfully asserted and claimed some right. From a judgment for defendant, plaintiff appealed. *Affirmed.*

*James H. Moyle, Esq., John M. Zane, Esq., Messrs. Young & Moyle,* and *D. H. Wells, Jr., Esq.,* Attorneys for appellant.

The notice also fails to indicate that the claim was distinctly marked on the ground, or that its boundaries could be readily traced, it merely recites the following: "I claim from this notice 750 feet to a monument of stone; thence northwesterly from this notice 750 feet to a monument of stone." The mere posting of a location notice on the ground and placing two monuments 1,500 feet apart in opposite directions does not distinctly mark the claim upon the ground, for it possesses neither side nor end lines, width or length, at least no attempt is made to describe the width, and whether the 1500-foot line indicated by the two monuments is intended to run through the center of the claim or in a diagonal or other direction is wholly undetermined.

---

[1] *Wilson* v. *Triumph Co.,* 19 Utah, 66.

One of the imperative requirements of the statute, and an indispensable condition precedent to a valid location, is, that it shall be "distinctly marked on the ground so that its boundaries can be readily traced." U. S. Revised Statutes 2324.

The statute provides no method for locating a mining claim, except by defining a surface claim, the end lines of which shall be parallel to each other. U. S. Revised Statutes, Secs. 2324 and 2320; *Darger et. al.* v. *St. V. Le Sieur*, 8 Utah, 160.

We think the description in the locations not such as is required by the statute. *Drummond* v. *Long*, (Colo. Sup.) 13 Pac. 743; *Faxon* v. *Barnard*, 4 Fed. R. 702; *Mining Co.* v. *Drake*, (Colo. Sup.) 9 Pac. 787; *Holland* v. *M. A. G. Q. Co.*, 53 Cal. 149.

The statutory requirements as to description and identification are mandatory, and a failure to comply with them renders a location wholly nugatory, and the notice thereof inadmissible in evidence. *Gilpin Co. M. Co.* v. *Drake,* 9 Pac. 787; *White* v. *Lee*, 21 Pac. 363; *Gown* v. *Russell*, 3 Mont. 358; *Golden Fleece M. Co.* v. *Cable Cons. M. Co.*, 12 Nev. 312; 1 M. R. 120; *Anthony* v. *Jillson*, 23 Pac. 419.

*Messrs. Wilson & Smith*, attorneys for respondent.

If it be admitted that the notice is somewhat indefinite in its minor details, and is not such as would be made by a lawyer in his office, or a skilled surveyor, yet it cannot be denied that it is suffiicient, to direct the inquirer to the ground, and it is as accurate and definite as would ordinarily be made by the average pioneer prospector. These notices uniformly receive a liberal construction at the hand of the courts. 1 Lind. on Mines, 381.

If a location certificate contains some reference to a

natural object or permanent monument it will be held sufficient to identify the claim in the absence of evidence for or against the sufficiency of the reference in the notice. *Brady* v. *Husly*, 21 Nev. 453.  1 Lind. on Mines, 383.

The purpose of the notice is to direct the inquirer to the place where the claim is located, and not to show its boundaries.  *Gramer* v. *Glenn*, 8 Mont. 371, 387.

A stone or stake of proper size may be sufficient monument, and what are, or what are not, permanent monuments, are matters of proof, and cannot be decided by the court by simple reference to the location certificate. *Russell* v. *Chumasero*, 1 Pac. (Mont.) 713; *Metcalf* v. *Prescott*, 25 Pac. 1037.

It is not necessary to express in terms the number of feet the locator intends to claim on each side of the lode. *Mt. Diablo M. M. Co.* v. *Callison*, 5 Sawy. 488–9.

BARTCH, C. J.

The main question presented for our consideration in this case is, whether the notice of location of the Rhymney Mining claim, with the supplementary proof, was properly admitted in evidence.  The ground of the objection appears to be the uncertainty in the description.  The notice reads, as follows:

"Notice is hereby given that the undersigned having complied with the requirements of section 2324 of the Revised Statutes of the United States and the local laws, customs and regulations of this district, has located 1500 feet in length by 600 feet in width on this the Rhymney Mine, lode, vein or deposit bearing gold, silver and other precious metals, situated in the Farmington Mining District, Utah Territory, the location being described and marked on the ground as follows, to-wit:  Situated about

one mile and a half eastward from the depot under a large cliff of rock.   I claim from this notice 750 feet southeasterly to a monument of stone; thence northwesterly from this notice 750 feet to a monument of stone.   The mining claim above described shall be known as the Rhymney Mine.   Located this 7th day of January, 1884.   Names of Locators."

"HYRUM E. HAYNES."

The notice was recorded May 19th, 1884.

The appellant insists that it was so indefinite and uncertain that it did not impart notice to the public, and that the claim was not tied to a natural object or permanent monument so as to identify it, as required by section 2324 Rev. Stat., U. S., which, so far as material here, reads: "The location must be distinctly marked on the ground so that its boundaries can be readily traced.   All records of mining claims hereafter made shall contain the name or names of the locators, the date of the location, and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim."

The first clause of this provision requires the "location to be distinctly marked on the ground," but whether or not a claim is so marked is a question of fact to be determined from proof *aliunde,* and it is not required to be stated in the notice how the claim is marked on the ground.

"Where the right of possession is founded on an alleged compliance with the law relating to a valid location, all the necessary steps aside from the making and recording of the location certificate, must, when contested, be established by proof outside of such certificate.   The record of the certificate is proof itself of its own performance as one of such steps, and in regular order, generally speaking,

the last step in perfecting the location." Lindley on Mines, Sec. 392.

Whether, at the trial, all the necessary facts, to constitute a valid location of the Rhymney mine, were shown to exist, we are unable to determine from the evidence, because all the testimony relating to the same does not appear in the record, but the court found, *inter alia*, that the location of the claim was made in January, 1884, by the defendant's predecessor in interest; that, ever since, such predecessor and the defendant have been in the quiet and peaceable possession thereof, except when disturbed by the plaintiff, and have in good faith developed and worked the claim and expended large sums of money thereon; and that at all times they have complied with all the laws of the United States and the local laws, customs. and regulations of the mining district. In the absence of evidence showing the contrary we must assume that this finding was correct, and consequently hold that the claim was sufficiently marked on the ground. The date of the location and the locator appear in the certificate, as required by the provisions of the statute quoted.

In addition to the date of location and name of the locator, however, the statute requires the record to show such a description of the claim located "by reference to some natural object or permanent monument, as will identify the claim."

It must be admitted that the notice is indefinite in not stating the number of feet in width claimed on each side of the point of discovery, or monuments of stone referred to therein, and should, therefore, be limited to an equal number of feet on each side. When so limited it would seem to be sufficiently definite, and thus viewed the description would seem sufficient to indicate to a subsequent

locator the intention of the claimant, as to the number of feet claimed.

Nor, under the circumstances as shown by the proof, is the objection to the location, that the claim was not so tied to a natural object or permanent monument as is required by law, well grounded. The notice indeed appears to be somewhat uncertain in not stating the kind of depot referred to, and not giving the exact distance and direction the claim is from the depot, but these were matters of fact which could be shown by evidence outside the notice, and, on this point, the record contains evidence showing that at the time the location was made the Union Pacific railway depot was the only depot in the mining district where the claim was located; that there was but one large cliff of rocks one and one-half miles east of that depot; that the Rhymney claim was located at the base of that cliff of rocks according to law; and that a vein or lode was discovered by the locator within the limits of the claim.

Under the circumstances thus shown in evidence, the location was sufficient to impart notice to any subsequent locator of the fact of an asserted claim, and the notice, although imperfect, supplemented by such proof was properly admitted in evidence.

With just how much accuracy the description of a mining claim, in reference to a natural object or permanent monument, must be stated in the notice of location, is not set forth in the statute, and where, as in this case, the location was evidently made in good faith, we are not disposed to hold the locator to a very strict compliance with the law in respect to his location notice. If, by any reasonable construction, in view of the surrounding circumstances, the language employed in the description will impart notice to subsequent locators it is sufficient. Pros-

20 Utah—24.

pectors, as a rule, make no pretensions of scholarship or the art of composition, are neither surveyors nor lawyers, and if, in their notice of location, technical accuracy of expression were an absolute requirement, the object of the law, which doubtless is the encouragement and benefit of the miners, would in many cases be frustrated and injustice would result, by the disturbing of possession after much hard labor performed and money in good faith expended. Therefore mere imperfections in the notice of location will not render it void. Courts have usually construed the statute, respecting the location of mining claims, with much liberality, and the sufficiency of the location, with reference to natural objects or permanent monuments, is simply a question of fact. Lindley on Mines, Secs. 381, 383; *Erhardt* v. *Boaro*, 113 U. S. 527; *Bennett* v. *Harkrader*, 158 U. S. 441; *Brady* v. *Husby*, 21 Nev. 453; *Flavin* v. *Mattingly*, 8 Mont. 242; *Garner* v. *Glenn*, Id. 371; *Mt. Diablo M. & M. Co.* v. *Collison*, 5 Sawy. 439; *Wilson* v. *Triumph Consol. Min. Co.*, 19 Utah, 66, 56 Pac. Rep. 300.

According to the record the Rhymney claim was located in 1884, by the respondent's predecessor, and the same ground was, in 1896, attempted to be located as the Gray Mining claim by the appellant. For twelve years, as appears, prior to the attempted location, the respondent and its predecessors in interest had located, worked and developed the claim, expended large sums of money thereon, and substantially complied with all the laws, and the customs and regulations of the mining district. Under these circumstances, to permit the appellant to recover, on purely technical grounds, would not only be a great injustice to the respondent, but, doubtless, would be a menace to the titles of many mining properties in

this state which hitherto have been unquestioned and un-questionable.

The record presents nothing which justifies a reversal of this case.

The judgment is affirmed, with costs.

MINER, J. and BASKIN, J. concur.