[Civil No. 959.  Filed May 12, 1906.]

[86 Pac. 6.]

PRISCILLA BRADFORD, Plaintiff and Appellant, v.
ROBERT E. MORRISON, Defendant and Appellee.

1. JUDGMENT—LIEN—UNPATENTED MINING CLAIM—REV. STATS. ARIZ.
1887, PAR. 2932 AND ACTS OF 1891, No. 50, SEC. 4, CONSTRUED.—
An unpatented mining claim is subject to the lien of a judgment,
under act No. 50, sec. 4, *supra,* providing that a judgment, properly
docketed, shall be a lien on real property.

2. MINES AND MINING—UNPATENTED CLAIMS—NATURE OF ESTATE IN.—
The estate which the owner of an unpatented mining claim has
therein is real property.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Yavapai.
Richard E. Sloan, Judge. Affirmed.

On appeal to the United States Supreme Court.

The facts are stated in the opinion.

E. M. Sanford, for Appellant.

Robert E. Morrison, *in pro. persona.*

CAMPBELL, J.—This action was brought by Priscilla
Bradford, as plaintiff, to quiet title to certain unpatented
mining claims. Robert E. Morrison, defendant, set up a
judgment lien upon these claims. From a judgment sustain-
ing the validity of this lien plaintiff has appealed.

The sole question presented is whether the lien of a general
judgment attaches to an unpatented mining claim. At the
time the judgment was rendered and docketed, act No. 50
(p. 70) of the sixteenth legislative assembly, approved March
17, 1891, was in force. Section 4 of that act is as follows:
"Every such judgment, when so docketed shall, for a period
of five years from the date of the rendition thereof, be a
lien on the real property in the county where the same is
docketed, except the homestead of every person against

whom such judgment shall be rendered and docketed and which may have at any time thereafter within said period of five years." The general nature of the property which the locator or owner of an unpatented mining claim has therein has been the subject of discussion in the courts in numerous cases, but a review of these cases does not seem necessary here. That it is such an estate as may be inherited is beyond controversy. Rev. Stats. U. S. sec. 2322 (U. S. Comp. Stats. 1901, p. 1425); *Forbes* v. *Gracey,* 94 U. S. 762, 24 L. Ed. 313; *Belk* v. *Meagher,* 104 U. S. 279, 26 L. Ed. 735; *Manuel* v. *Wulff,* 152 U. S. 505, 14 Sup. Ct. 651, 38 L. Ed. 532; *Elder* v. *Horeshoe Mining and Milling Co.,* 194 U. S. 248, 24 Sup. Ct. 643, 48 L. Ed. 960. The legislature, at the time of employing the words "real property" in the statute under consideration, had defined the meaning to be given the term in the construction of statutes as "coextensive with lands, tenements and hereditaments," by a statute still in force when the judgment in question was docketed, though repealed since then. Rev. Stats. 1887, par. 2932. This legislative construction would seem to be conclusive of the question. Moreover, we have no doubt that, independently of the statute, the estate which the owner of an unpatented mining claim has therein must be held to be real property. In this and other jurisdictions it has for years been so treated. *Jordan* v. *Duke,* 6 Ariz. 55, 53 Pac. 197; *Kinney* v. *Fleming,* 6 Ariz. 263, 56 Pac. 723; *Costello* v. *Graham,* 9 Ariz. 257, 80 Pac. 336; *Keeler* v. *Trueman,* 15 Colo. 143, 25 Pac. 311; *Glacier Mountain Silver Mining Co.* v. *Willis,* 127 U. S. 471, 8 Sup. Ct. 1214, 32 L. Ed. 172. Indeed, the action brought by the plaintiff herself to quiet her title is brought under the provisions of the statute authorizing actions to quiet title to real property, and can only be maintained under the statute upon the theory that such interest in the mining claims is real property.

The judgment of the lower court is affirmed.

KENT, C. J., DOAN, J., and NAVE, J., concur.