(May 31, 1919.)

INDEPENDENCE PLACER MINING CO., LTD., Respondent, v. HERMAN KNAUSS, WILLIAM MULLAN, W. R. SIMONS, W. A. SIMONS, MRS. W. A. SIMONS and HENRY LYLE, Appellants.

[181 Pac. 701.]

QUIETING TITLE—PLEADING—HARMLESS ERROR—MINING CLAIMS—NOTICE OF LOCATION.

1.  It is not necessary to allege in the complaint, in a suit to quiet title to mining claims, the manner in which they were located nor the qualifications of the locators.  It is necessary to allege the ultimate fact of plaintiff's interest in or claim to the property.

2.  An error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties is not ground for reversal of the judgment.

3.  If, by any reasonable construction, in view of the surrounding circumstances, the language employed in the description of a mining claim will impart notice to subsequent locators, it is sufficient.

4.  Findings of fact, made by a trial judge who has had the benefit of observing the demeanor of witnesses upon the stand and of listening to their testimony, will not be disturbed because of conflict

if the evidence in support thereof, if uncontradicted, would be sufficient to sustain it.

[As to cloud on title defined, see note in 45 **Am. St.** 373, 377, 378.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Suit to quiet title. Judgment for plaintiff. *Affirmed.*

John M. Gleeson, Joseph F. Morton and H. J. Hull, for Appellants.

The location of the "Moose" claim is void for want of being tied to any natural monument with sufficient accuracy for identification. This location is void for uncertainty. (*Clearwater Short Line Ry. v. San Garde,* 7 Ida. 106, 61 Pac. 137; *Brown v. Levan,* 4 Ida. 794, 46 Pac. 661; *Faxon v. Barnard,* 2 MacCrary, 44, 46, 4 Fed. 702, 704; *Gilpin Co. Mining Co. v. Drake,* 8 Colo. 586, 589, 9 Pac. 787, 789.)

The complaint should describe the property with such accuracy that it may be ascertained or located from the description alone. (31 Cyc. 106; *Zeigler v. Wells etc. Co.,* 23 Cal. 179, 83 Am. Dec. 87, and cases there cited; *Sheffer v. Hines,* 149 Ind. 413, 49 N. E. 348; *Tracy v. Harmon,* 17 Mont. 465, 43 Pac. 500; *Swatts v. Bowen,* 141 Ind. 322, 40 N. E. 1057.)

In cases tried by the court without a jury, the findings of fact will be set aside when they are clearly against the weight of the testimony, or when they are not supported by the evidence. (*Alameda Min. Co. v. Success Min. Co.,* 29 Ida. 618, 161 Pac. 862; *Goldstone v. Rustemeyer,* 21 Ida. 703, 123 Pac. 635; *Cole v. Plowhead,* 31 Ida. 288, 170 Pac. 732; *Sabin v. Burke,* 4 Ida. 28, 37 Pac. 352; *Monarch G. & S. M. Co. v. McLaughlin,* 1 Ida. 617.)

Walter H. Hanson and Harlan L. Heward, for Respondent.

It is not incumbent upon the plaintiff to plead or prove that the locators of the placer claims in controversy were citizens of the United States, or that they complied in making their locations with the technical requirements of the statutes,

if they plead and prove adverse possession. (*Fry v. Summers,* 4 Ida. 424, 39 Pac. 1118; *Peterson v. Gibbs,* 147 Cal. 1, 109 Am. St. 107, 81 Pac. 121; *People v. Center,* 66 Cal. 551, 5 Pac. 263, 6 Pac. 481; *Curtis v. Sutter,* 15 Cal. 259; *Altoona Quicksilver Min. Co. v. Integral Quicksilver Min. Co.,* 114 Cal. 100, 45 Pac. 1047; *Bismarck Mountain Gold Min. Co. v. North Sunbeam Gold Co.,* 14 Ida. 516, 95 Pac. 14.)

In a suit in equity as well as in an action at law, a finding of fact made by the trial judge, who has had the benefit of observing the demeanor of witnesses upon the stand and of listening to their testimony, will not be disturbed, because of conflict in the testimony, if the evidence in support of the finding, if uncontradicted, is sufficient to sustain it. (*Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Deeds v. Stephens,* 10 Ida. 332, 79 Pac. 77; *Morrow v. Matthew,* 10 Ida. 423, 79 Pac. 196; *Robbins v. Porter,* 12 Ida. 738, 88 Pac. 86; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Weeter Lumber Co. v. Fales,* 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289; *Blackfoot State Bank v. Crisler,* 20 Ida. 379, 118 Pac. 775; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Henry Gold Mining Co. v. Henry,* 25 Ida. 333, 137 Pac. 523; *Cameron Lumber Co. v. Stack-Gibbs Lbr. Co.,* 26 Ida. 626, 144 Pac. 1114; *Bower v. Moorman,* 27 Ida. 162, Ann. Cas. 1917C, 99, 147 Pac. 496; *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25; *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Wolf v. Eagleson,* 29 Ida. 177, 157 Pac. 1122; *Jain v. Priest,* 30 Ida. 273, 164 Pac. 364; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481.)

Location notices and affidavits will receive a liberal construction at the hands of the courts to the end of upholding the location, and the protection of the claim where the location is made, or the work done in good faith. (*Bismarck Mt. Gold Min. Co. v. North Sunbeam G. Co., supra; Dickens West Min. Co. v. Crescent Min. etc. Co.,* 26 Ida. 153, 141 Pac. 566.)

MORGAN, C. J.—On March 7, 1905, the Aggy, Independence and Moose placer mining claims were located, and on October 30, 1906, the locators conveyed them to respond-

ent.   While it does not appear that the original Aggy location
has ever béen abandoned respondent's employees, on Septem-
ber 17, 1913, relocated the ground embraced within that claim
as three claims called the Aggy, Gold Dollar and Falls, and
October 13, 1913, conveyed the same to respondent.   On May
29, 1916, Jack Moore and W. R. Simons, acting for and on
behalf of appellants, located, and on June 5, 1916, caused to
be recorded notices of location of, the Montana, Virginia,
Oregon, Texas, Kentucky, Idaho, Missouri, Illinois and Utah
placer mining claims.   Because of conflict in these locations
respondent commenced this action in Clearwater county,
where the ground is situated, to quiet its title.   The cause was
transferred to and tried in Kootenai county where a decree
was entered quieting respondent's title, from which and from
an order denying a motion for a new trial appeals have been
taken.   The appeals were heard together and will be disposed
of in one opinion.

Appellants demurred to the complaint, generally and
specially, and have assigned as error the failure of the court
to sustain their special demurrer, which was based upon the
ground that portions of the complaint were ambiguous, un-
intelligible and uncertain.   It is insisted that the complaint
does not show where respondent's claims are situated; that
their description is not pleaded with sufficient accuracy so
they may be found and identified therefrom, and that the
complaint does not show that the ground was properly located
as required by the laws of the United States and of the state
of Idaho.

It is alleged in the complaint "that heretofore and prior to
the commencement of this action there were duly and reg-
ularly located on Independence Creek and Moose Creek, in
old 'Moose City mining district, Clearwater County, Idaho,
the following described placer mining claims: Aggy, Gold
Dollar, Falls, Independence and Moose, all of which were
located by the predecessors in interest of the plaintiff, in the
manner required by law, and were by divers and mesne con-
veyances conveyed to and became the property of the plain-
tiff.''   Respondent also alleged its ownership and adverse

possession, for more than five years prior to the commencement of the action, of the mining ground in question.

It was not necessary for respondent to allege in detail the manner in which the claims were located, nor the qualifications of the locators. It was necessary to allege the ultimate fact of its interest in, or claim to, the property and in that particular the complaint is sufficient. (*Hammitt v. Virginia Min. Co., ante,* p. 245, 181 Pac. 336.) It is true the property cannot be identified by the description found in the complaint. However, at the trial respondent introduced the notices of location of its claim, together with oral testimony touching their location and description, and this evidence was admitted without objection that the complaint was insufficient.

The record discloses that on August 29, 1913, Jack Moore and another man entered into a contract with respondent whereby they leased this ground for a period of five years, and that during the years 1913 and 1914 they and their employees performed the assessment work thereon. There is conflict as to whether or not the assessment work was performed in 1915. The trial court found it was, and there is sufficient evidence to justify the finding; also to establish that it was done by Moore and W. R. Simons. There is no dispute that Moore and Simons spent the greater part of the summer of 1915 on and about the ground in question. It is entirely clear that when they located this ground for and on behalf of appellants, in 1916, they knew of the conflict between the claims they were locating and those of respondent, and it is equally clear that appellants were not placed at a disadvantage, nor deprived of any substantial right, by the insufficiency of the description, in the complaint, of respondent's claims.

If the failure of the trial court to sustain appellants' special demurrer was error it does not, in view of these circumstances, justify a reversal. C. L., sec. 4231, provides: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment

shall be reversed or affected by reason of such error or de-fect." (*Smith v. Peterson*, 31 Ida. 34, 169 Pac. 290, and cases therein cited; *Strong v. Oregon Short Line R. R. Co.*, 31 Ida. 48, 169 Pac. 179.)

Appellants question the sufficiency of the notices of loca-tion of respondent's claims and insist that they do not contain a statement of the distances and directions from the posts upon which they were placed to natural objects or permanent monuments as is required by C. L., sec. 3222. The descrip-tions contained in the location notices of respondent's origi-nal claims are as follows:

The Independence: "Beginning at corner No. 1, which is a stake not less than four inches in diameter and four feet high, which initial point is situated about 300 feet westerly from the mouth of Independence Creek at its junction with Moose Creek, thence running 545½ rods northerly to corner No. 2; thence 36⅓ rods easterly to corner No. 3; thence 545½ rods southerly to corner No. 4; thence 36⅓ rods westerly to place of beginning."

The Aggy: "Beginning at corner No. 1, which is a stake not less than four inches in diameter and four feet high, which initial point is situated at the northwest corner hereof, about 500 feet southeast of the Independence cabin, thence running 640 rods southeasterly to corner No. 2; thence 5 rods southerly to corner No. 3; thence 640 rods northwesterly to corner No. 4; thence 5 rods northerly to place of beginning."

The Moose: "Beginning at corner No. 1, which is a stake not less than four inches in diameter and four feet high, which initial point is situated eight rods above the flume of the Independence mining claim, on the northerly side of Moose Creek, thence running 36⅓ rods southerly to corner No. 2; thence 558 rods westerly to corner No. 3; thence 36⅓ rods northerly to corner No. 4; thence 558 rods easterly to place of beginning."

It will be observed that the Independence claim is tied to the junction of Independence and Moose Creeks; that the Aggy is tied to the Independence cabin, and the Moose to the

flume of the Independence claim, reference also being made to the northerly side of Moose Creek. The junction of Independence and Moose Creeks is a natural object, and the cabin and the flume are permanent monuments, within the meaning of C. L., sec. 3222.

Mineral deposits are frequently discovered in the wilderness, remote from a government survey. These discoveries are usually made by men who are not equipped with proper instruments, nor possessed of sufficient education, to enable them to correctly run lines, make measurements, and accurately describe the ground sought to be located. Some of these difficulties, at least, attended the location of respondent's claims. In such a case the law does not exact the impossible, but the rule has been thus stated: "If, by any reasonable construction, in view of the surrounding circumstances, the language employed in the description will impart notice to subsequent locators, it is sufficient." (*Farmington Gold-Min. Co. v. Rhymney Gold & Copper Co.*, 20 Utah, 363, 77 Am. St. 913, 58 Pac. 832; *Morrison v. Regan*, 8 Ida. 291, 67 Pac. 955; *Bismarck Mt. Gold Min. Co. v. North Sunbeam Gold Co.*, 14 Ida. 516, 95 Pac. 14; *Snowy Peak Min. Co. v. Tamarack and Chesapeake Min. Co.*, 17 Ida. 630, 107 Pac. 60; *Flynn Group Min. Co. v. Murphy*, 18 Ida. 266, 138 Am. St. 201, 109 Pac. 851.) Tested by this rule, respondent's notices are sufficient.

Appellants question the sufficiency of the evidence to sustain the findings. An examination of the record discloses that while there is conflict in the testimony, the case is well within the rule that findings of fact, made by a trial judge who has had the benefit of observing the demeanor of witnesses upon the stand and of listening to their testimony, will not be disturbed because of conflict if the evidence in support thereof, if uncontradicted, would be sufficient to sustain it.

Other assignments of error have been presented, but in view of the foregoing conclusions we do not deem a discussion of them necessary.

The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.