IN THE

# SUPREME COURT

OF THE

## STATE OF IDAHO.

(No. 4709. October 18, 1927.)

ELIZABETH LAW, Appellant, v. W. P. FOWLER and
H. J. KOONCE, Respondents.

[261 Pac. 667.]

MINES AND MINERALS—PLEADING—UNPATENTED MINING CLAIM—AP-
PEAL AND ERROR—MOOT QUESTION—NONSUIT—LOCATION NOTICE,
REQUIREMENT OF — BURDEN OF SHOWING CLAIMS — PERMANENT
MONUMENT—SUFFICIENCY OF RECORD TITLE—STATUTORY RULE—
RIGHT TO POSSESSION OF CLAIM.

1. Defenses to action to recover unpatented mining claim,
that the location notice was invalid because failing to tie the
claim to a permanent monument, and that plaintiff failed to
perform annual assessment work and thereby forfeited her rights
to the claim, are not so inconsistent that both may not be
pleaded, under C. S., sec. 6698, permitting a defendant to set forth
as many defenses as he has, the facts of the two defenses not
being inconsistent or contradictory.

2. Any error in denying jury trial, the court having stated
that he would treat the jury which was impaneled as acting in
an advisory capacity only, is a moot question, the court having
properly granted nonsuit.

3. Under Act Cong. May 10, 1872, sec. 5 (30 U. S. C. A., sec.
28), in conformity to the provisions of which the Idaho statute
in force at the time of a location of a mining claim (Laws
1879, Ter. Sess., p. 29), required it to be made, mining claims
could be referred to as permanent monuments in the location
notice.

4. The presumption is that mining claims, referred to as
permanent monuments in a location notice, exist, and the burden
of showing they do not is on the party attacking the notice.

5. Whether mine referred to in location notice as two miles north was a permanent monument, and whether notice as a whole was sufficient to apprise prospectors of the precise location of the lode sought to be located, *held* to be for jury to determine.

6. Person suing for possession of unpatented mining claim fails to show record title by mere conveyances from persons not shown to be connected with the original location under which claim is made.

7. While under Rev. St. U. S., sec. 2332 (30 U. S. C. A., sec. 38), actual possession and working of unpatented mining claim for period required by local statute of limitations for adverse possession of mining claims dispenses with proof as to notice of location, it is still necessary to make proof of mineral discovery, performance of annual assessment work, keeping of boundaries marked on ground, and occupancy during subsequent period when others initiated rights by locating a claim.

8. If one shows herself entitled to possession of an unpatented mining claim by virtue of a valid location or by adverse possession for statutory period, mere failure to perform annual assessment work, in absence of valid subsequent location of part or all of the ground, will not work a forfeiture.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action in ejectment. From judgment of nonsuit, plaintiff appeals. *Affirmed.*

J. G. Hedrick, for Appellant.

If the defendants relied upon the defense that the Montezuma had been forfeited for failure to do the assessment work or abandoned, then they must concede that the former location was valid, as there must have been a valid location before there could have been a forfeiture. (Martin on Min-

Publisher's Note.

See Appeal and Error, 4 C. J., sec. 2541, p. 649, n. 35.

Mines and Minerals, 40 C. J., sec. 166, p. 780, n. 90, 96; sec. 219, p. 805, n. 35; sec. 220, p. 807, n. 61, 62, 64; sec. 301, p. 845, n. 19; sec. 488, p. 929, n. 78.

Pleading, 31 Cyc., p. 149, n. 26, p. 150, n. 30, 31.

ing Rights, p. 153; *Shattuck v. Costello,* 8 Ariz. 22, 68 Pac. 529; *Cunningham v. Pirrung,* 9 Ariz. 288, 80 Pac. 329.)

There can be no question but that this is a jury case and the plaintiff would be entitled to a trial by jury. The only question at issue is the right of possession of the ground and damages for the wrongful taking of the ore under the second cause of action. (*Burke v. McDonald,* 2 Ida. (310), 339, 13 Pac. 351; *Taylor v. Middleton,* 67 Cal. 656, 8 Pac. 594; *Tripp v. Silver Dyke Min. Co.,* 70 Mont. 120, 224 Pac. 274; C. S., sec. 6837; *Lively v. Butler,* 108 Okl. 225, 236 Pac. 18.)

This is not an action to quiet title but a mere action of ejectment, and the plaintiff is only required to prove, first, the right of possession in the plaintiff; second, possession in the plaintiff; and, third, ouster of the plaintiff by the defendants. (*McMasters v. Torsen,* 5 Ida. 536, 51 Pac. 100.)

The original location notice, made in 1880, described the boundaries of the claim with certainty, and also referred to a particular object or mine which undoubtedly was a well-known object at that time, and, from the lapse of time, it must be presumed that the original location was valid. In the absence of evidence to the contrary it will be presumed that the description is sufficient to identify the claim. (Lindley on Mines, sec. 383.)

As the evidence in this case shows conclusively that the plaintiff in this action and her predecessors in interest had been in open, adverse and notorious possession of this ground for more than five years immediately preceding the ouster by the defendants, she was relieved from the necessity of making proof of the recording of the notice of location. (*Humphreys v. Idaho Gold Mines etc. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817.)

The adverse statutes of this state apply to mining claims, and adverse possession of a mining claim for a period of five years is sufficient under our statutes to maintain an action of ejectment. (*Bradley v. Johnson,* 11 Ida. 698, 83 Pac. 927; *Humphreys v. Idaho Gold Mines etc. Co., supra;* 9 Cal. Jur. 982, 986.)

Actual physical possession of a mining claim is not necessary, but compliance with the laws of the United States and this state is sufficient possession. (Sutherland, Code Pleading, sec. 6361.)

This being a motion for a nonsuit it admits the truth of all of the evidence submitted for and on behalf of the plaintiff and every inference of fact that may legitimately be drawn therefrom. (*McCornick & Co., Bankers, v. Tolmie Bros.,* 42 Ida. 1, 243 Pac. 355; *Moody v. Morris-Roberts Co.,* 38 Ida. 414, 226 Pac. 278.)

And it should have been denied unless there was no evidence material to the plaintiff on any question of fact about which reasonable minds might differ, which if found in favor of the plaintiff would have supported a judgment in her favor. (*Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 27 A. L. R. 337, 206 Pac. 175.)

The mere failure to do the assessment work does not break the continuity of possession as the right to resume work any time before a valid location is made on the ground still exists. (Morrison on Mining Rights, p. 128.)

Plaintiff, according to the testimony in the case, never forfeited her rights, as there is no evidence in the case to show that the defendants ever made a valid location on the ground; and until the defendants show that they have a valid location on the ground they have no right to question the sufficiency of the work done by the plaintiff. (*Snowy Peak Min. Co. v. Tamarack & Chesapeak Min. Co.,* 17 Ida. 630, 107 Pac. 60; *Knutson v. Fredlund,* 56 Wash. 634, 106 Pac. 200; Lindley on Mines, sec. 405.)

A forfeiture of a mining claim for failure to do the assessment work is never presumed and it must be clearly established by clear and convincing proof, and every doubt will be resolved in favor of the validity of a mining claim as against one asserting a forfeiture. (*Thornton v. Kaufman,* 40 Mont. 282, 135 Am. St. 618, 106 Pac. 361; *Strattan v. Raine,* 45 Nev. 10, 197 Pac. 694, 200 Pac. 533.)

J. J. McFadden and Proctor K. Perkins, for Respondents.

Inconsistent defenses are permitted. (*Harshbarger v. Eby,* 28 Ida. 753, Ann. Cas. 1917C, 753, 156 Pac. 619; Pomeroy, Remedies and Remedial Rights, sec. 722; *Bell v. Brown,* 22 Cal. 671; *Buhne v. Corbett,* 43 Cal. 264.)

Equitable features should first be disposed of without the intervention of a jury (*Cassin v. Nicholson,* 154 Cal. 497, 98 Pac. 190; *Penninger Lateral Co., Ltd., v. Clark,* 22 Ida. 397, 126 Pac. 524.)

Plaintiff's rights were lost because of insufficient ties and failure to perform the necessary annual labor. (*Brown v. Levan,* 4 Ida. 801, 46 Pac. 661; *Morrison v. Regan,* 8 Ida. 291, 67 Pac. 955; 2 Lindley on Mines, 3d ed., secs. 623, 634; *Kramer v. Settle,* 1 Ida. 485; *Garvey v. Elder,* 21 S. D. 77, 130 Am. St. 704, 109 N. W. 508; *Lockhart v. Wills,* 9 N. M. 344, 54 Pac. 336.)

"The defendants are permitted to set forth as many defenses and counterclaims as they might have; and the same might, to a certain extent, be inconsistent with each other; yet they must not be so inconsistent that the proof of one defense would necessarily disprove the other." (*Harshbarger v. Eby, supra.*)

"Assuming that the defenses are utterly inconsistent, the rule is established by an overwhelming weight of judicial authority that unless expressly prohibited by the statutes they may still be united in one answer. It follows that the defendant cannot be compelled to elect between such defenses, nor can evidence in favor of either be excluded from the trial on the ground of inconsistency." (Pomeroy, Remedies and Remedial Rights, sec. 722.)

The court did not err in sustaining the motion for nonsuit and in entering judgment for the defendants. (*Brown v. Levan,* 4 Ida. 794, 46 Pac. 661; *Morrison v. Regan,* 8 Ida. 291, 67 Pac. 955.)

"A failure to perform the necessary work required by local rules or customs amounted to an abandonment of the claim and thereupon it might be occupied and appropriated

by another." (2 Lindley, 3d ed., 623; *Kramer v. Settle*, 1 Ida. 485.)

"A locator cannot be deprived of his inchoate rights by the tortious acts of others, but there must be a *bona fide* effort to perform the work." (2 Lindley, 3d ed., sec. 634, p. 1577; *Garvey v. Elder, supra.*)

"The plaintiff can recover only upon the strength of his own title; and if he fails to show title to the claim, it is immaterial that the defendant had none." (*Schroder v. Aden Gold Min. Co.*, 144 Cal. 628, 78 Pac. 20.)

VARIAN, Commissioner.—This is an action in ejectment for possession of an unpatented mining claim. Appellant, plaintiff in the court below, alleged as a first cause of action that the Montezuma claim was her separate property; that she is now the owner and entitled to the possession thereof, except as to the paramount title of the United States; that on or about June 1, 1924, she was possessed of said property and had been in possession of the same for more than ten years immediately preceding said date, and worked and operated the same as a mining claim; that on or about June 1, 1924, defendants without right or title entered upon said property and ousted and ejected plaintiff therefrom, and still withholds possession thereof from plaintiff to her damage in the sum of $500. As a second cause of action, plaintiff renews the allegations of ownership and right to possession of the Montezuma lode in her, and alleges that during the period from July 1, 1923, to November 17, 1924, defendants without right unlawfully trespassed on said land and premises of plaintiff, and removed and disposed of certain ores, the property of plaintiff, the exact amount and value of which is unknown to plaintiff. Plaintiff prayed for the possession of the mining claim in question, for $500 damages and costs, and that defendants be required to account to plaintiff for the value of ores removed or shipped by them, and for general equitable relief.

The answer denies the material allegations of the complaint, and as an affirmative defense alleges that the notice

of location of the Montezuma lode mining claim is void for
uncertainty; that no assessment work was done upon said
claim for the period from July 1, 1923, to July 1, 1924, and
that no proof of labor therefor was filed; alleges the due
location of the Jennie R. lode by defendants on July 23,
1924, and the record of the notice thereof; and that the
Jennie R. location covers part of the ground claimed as the
Montezuma lode claim.

The court granted a nonsuit upon the conclusion of plain-
tiff's case, and plaintiff appeals.

Plaintiff demurred to the answer, and moved that defend-
ants be required to elect upon which of the separate de-
fenses they intended to rely, and to strike the other. The
court overruled the demurrer and denied the motions.

[1] The first assignment of error is to the effect that
the court erred in overruling the demurrer and in denying
said motions, the theory of plaintiff being that these defenses
are inconsistent. The first defense is that plaintiff claims
under an invalid location notice, because it fails to tie the
Montezuma claim to a permanent monument; and the second
defense is that plaintiff failed to perform the annual assess-
ment work for the year ending July 1, 1924, and thereby
forfeited her rights to the claim.

Appellant contends that inasmuch as the second defense
admits there was a valid location, it is inconsistent with the
location notice, because it fails to tie the Montezuma claim
to a permanent monument; and the second defense is that
the plaintiff failed to perform the annual assessment work
for the year ending July 1, 1924, and thereby forfeited her
rights to the claim.

Appellant contends that inasmuch as the second defense
admits there was a valid location, it is inconsistent with the
defense that there was in fact no valid location of the
Montezuma claim. In a way, the legal inference to be drawn
from the facts pleaded are inconsistent, but in no sense are
the *facts* inconsistent or contradictory. Under C. S., sec.
6698, a defendant is permitted to set forth as many defenses
or counterclaims as he may have, and they may in a certain

sense be inconsistent with each other. (*Harshbarger v. Eby,* 28 Ida. 753, Ann. Cas. 1917C, 753, 156 Pac. 619; 31 Cyc. 149.) And "it is no test of inconsistency that if one is proved, the other is unnecessary." (31 Cyc. 150.)

In a case where the facts were somewhat similar to those in the case at bar, the defendant denied plaintiff's right to possession and affirmatively alleged his voluntary abandonment and forfeiture of the mining claim in controversy by reason of noncompliance with the mining regulations. The supreme court of California, construing a statute similar to ours, held that the defenses were not inconsistent. (*Bell v. Brown,* 22 Cal. 671.)

"But there are numerous cases, and they are the most frequent in practice, where the averments are not directly contradictory; and if they can properly be considered as conflicting at all, it is only by implication of law; as, for instance, such defenses as set-off, counterclaim, discharge in insolvency or bankruptcy, the statute of limitations, and the like, in which matters in avoidance of plaintiffs' claim are set up, when coupled with a denial of plaintiffs' cause of action. In a legal sense, such defense admits, so far as that defense is concerned, that the plaintiff had a cause of action, but that it has since been satisfied, discharged, or barred in the manner set forth." (*Bell v. Brown, supra.*)

The court did not err in its ruling.

[2] The next error assigned is that plaintiff was denied a trial by jury. The court impaneled a jury over the objection of defendants, and stated that he would treat it as acting in an advisory capacity only. In view of the turn the trial took, this is a moot question, as the court took the case from the jury. Plaintiff was entitled to a jury trial on the issues of right to possession, damages on account of being deprived of possession, and to submit the facts concerning the conflicting mining location to a jury for determination. Her action for an accounting was in equity.

The granting of the motion for nonsuit and entering judgment in favor of respondents is assigned as error. The

order sustaining the motion does not specify upon which of four grounds the court granted the motion. It will therefore be necessary to briefly consider each ground, in the order set forth in the motion. They are in effect that—

1. The location notice of the Montezuma mining claim fails to designate either a natural object or permanent monument, as required by the statutes of the United States so the location of the claim could accurately or otherwise be determined, and C. S., sec. 5521.

2. Plaintiff has not shown record title in herself.

3. Plaintiff has not performed the necessary acts and all the elements are not present to establish title by adverse possession, in that she has not shown herself to have been in open, notorious, adverse and exclusive possession for the statutory period.

4. Plaintiff has failed to perform the annual assessment work for the past several years, and particularly for the year ending July 1, 1924, or shown a valid excuse for such failure.

[3-5] The location notice of the Montezuma claim, exclusive of the attached affidavit, reads as follows:

"Notice, we the undersigned citizens of the United States, have this day located fifteen hundred linear feet 1500 feet on this mineral bearing quartz vein, Commencing at this notice, five hundred feet 500 feet in a North Easterly direction and one thousand (1000) feet in a South Westerly direction, and three hundred feet on each side of same.

"This mine is situated in Mineral Hill Mining District on the left hand side of Rock Creek and about two miles South of John Boyle's mine in Alturas County, I. T.

"This mine shall be known as the Montezuma mine.

"Located August 23rd, A. D. 1880.

"T. T. McLEOD.
"TOM FENTON."

The Idaho statute in force at the time of this location required it to be made in conformity to the provisions of the act of Congress of May 10, 1872. (10 Terr. Sess. Laws, p. 29.) That act of Congress provided:

"The location must be definitely marked on the ground so that the boundaries can be readily traced. All records of mining claims hereafter shall contain the name or names of the locators, the date of the location, and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim." (17th U. S. Stats. at Large, p. 92.)

The act further provides (section 2) that the location shall not exceed 1,500 feet along the vein and 300 feet on each side thereof, and gives (section 3) the locator the exclusive right to the possession and enjoyment thereof (page 91).

"It is a matter of proof whether or not an object described in the location notice as a permanent monument is in fact such. Then it is certainly a matter of legitimate proof whether, in fact, there is any reference to the permanent monument which is intelligible, or whether the reference is delusive, meaning nothing, describing nothing, and misleading." (*Dillon v. Bayliss,* 11 Mont. 171, 27 Pac. 725.)

Mining claims may be named as boundaries or otherwise referred to as permanent monuments in the location notice, and such reference is a compliance with the statute. The presumption is that the claims exist, and the burden of showing they do not exist is upon the party attacking the notice. (*Shattuck v. Costello,* 8 Ariz. 22, 68 Pac. 529; *Kinney v. Fleming,* 6 Ariz. 263, 56 Pac. 723. See *London. berry Mining Co. v. United Gold Mines Co.,* 39 Colo. 480, 88 Pac. 455.)

"While there has been some diversity of opinion in some of the states as to the definiteness and certainty required by the provisions of said section (3102 R. S. Idaho), the more recent decisions are more liberal in the construction of said provisions; and we think the correct rule is stated in *Farmington Gold Mining Co. v. Rhymney Gold & Copper Co.,* 20 Utah, 363, 77 Am. St. 913, 58 Pac. 832, where it is said: 'If by any reasonable construction, in view of the surrounding circumstances, the language employed in the description

will impart notice to subsequent locators, it is sufficient.'
That case was cited by this court in *Morrison v. Regan*, 8
Idaho, 291, 67 Pac. 955. Whether the notice and description
of the claim were sufficient to apprise other prospectors of
its precise location is a question of fact and not of law.
(*Eilers v. Boatman*, 111 U. S. 356, 4 Sup. Ct. 432, 28 L. ed.
454.)'' (*Bismarck Min. Co. v. North Sunbeam Co.*, 14 Ida.
516, 95 Pac. 14.)

The rule laid down in the Utah case *supra* has been ap-
proved by this court in the following cases: *Snowy Peak
Min. Co. v. Tamarack & Chesapeak Min. Co.*, 17 Ida. 630,
107 Pac. 60; *Flynn Group Min. Co. v. Murphy*, 18 Ida. 266,
138 Am. St. 201, 109 Pac. 851; *Independence Placer Co. v.
Knauss*, 32 Ida. 269, 181 Pac. 701.

It was for the jury to determine whether ''Johny Boyle's
Mine'' was a permanent monument, and whether the notice
was sufficient to apprise prospectors of the precise location
of the Montezuma lode. If it was sufficient in these par-
ticulars, the Montezuma location notice was valid.

[6] The second ground goes to the sufficiency of plain-
tiff's proof of her record title. She introduced a deed from
C. B. Palmer to Hugh Bradford, her husband, dated Sep-
tember, 1897; decree of the probate court setting aside the
''Montezuma'' claim to her as the widow of Hugh Brad-
ford, dated February 20, 1905; proof of forfeiture to her of
the interest of Samuel Bradford, her husband's brother, for
failure to contribute to the payment of the assessment work
for the year 1905, recorded August 4, 1906. There was no
attempt to connect plaintiff or her husband's brother with
the record title. So far as the record shows, the record title
still stands in the name of the original locators, McLeod
and Fenton. If plaintiff was entitled to maintain the action
at all, it must be upon the theory of adverse possession,
which is the question presented by the third ground of the
motion for nonsuit.

[7] Section 2332 of the Revised Statutes of the United
States reads in part as follows:

"Where such person or association, they and their grantors, have held and worked their claims for a period equal to the time prescribed by the statute of limitations for mining claims of the state or territory where the same may be situated, evidence of such possession and working of the claims for such period shall be sufficient to establish a right to a patent thereto under this chapter, in the absence of any adverse claims; but nothing in this chapter shall be deemed to impair any lien which 'may have attached in any way whatever to any mining claim or property thereto attached prior to the issuance of a patent."

This court has held in *Humphreys v. Idaho Gold Mines D. Co.,* 21 Ida. 126 (140), 120 Pac. 823, 40 L. R. A., N. S., 817, that the provisions of this statute "are intended to obviate the necessity for proof of posting and recording a notice of location in cases where the claimant to mineral ground has been in the actual, open and exclusive possession of the ground for a period equal to that required by the local statute of limitations governing adverse possession of real estate. The adverse possession referred to in the statute is intended to supply the place of an abstract of title and such proofs as are furnished by the county recorder. It still remains, however, for the person who asserts claim by adverse possession to have made a mineral discovery and to have performed the annual assessment work, and to have had the boundaries of his claim so marked and indicated as to afford actual notice of the extent and boundaries of his claim and possession, and to have maintained an actual possession and excluded all adverse claimants for the full period prescribed by the statute, and to have likewise maintained his possession and occupancy during the subsequent period of time in which the adverse locator attempted to initiate his right by locating the claim."

The foregoing statement of the law was cited with approval by Judge Gilbert in a dissenting opinion in *Ralph v. Cole* (C. C. A., 9th Cir.), 249 Fed. 81. On appeal, the supreme court of the United States reversed the circuit court of appeals, and while upholding the right to assert title to

a mining claim by adverse possession, held that in that case the plaintiffs had failed to show a discovery.

It is clear that the "possession" of unpatented mining claims referred to in the reported cases is an actual possession—occupancy or working the claim—not constructive possession. "Actual possession," therefore, means something more than mere compliance with the requirement to do the annual assessment work as a basis of title under claim of adverse possession. Plaintiff has shown that at times, when doing assessment work and while the claim was worked under lease, she was in actual possession thereof. She has *not* shown that she was in such possession for any period of five consecutive years as prescribed by the statute. (C. S., sec. 6600.) The record shows that she failed to keep the boundaries of the Montezuma claim marked and indicated on the ground so as to afford actual notice. It also fails to show that plaintiff was in actual possession, or occupancy, of the Montezuma claim during the subsequent period when defendants initiated their rights by locating the Jennie R. claim.

The rule laid down in *Humphreys v. Idaho Gold Mines etc. Co., supra,* is clear and supported by the great weight of authority. Having failed to bring herself within the rule, in not showing she has been in actual, open and exclusive possession of the Montezuma claim for a period of five years, and it affirmatively appearing from the record that the boundaries of said mining claim were not maintained in place and position upon the ground so as to afford actual notice of their extent and the possession claimed by plaintiff, she has failed to establish any right to possession of the Montezuma claim based upon the theory of adverse possession.

[8] The last ground for nonsuit is not tenable. If plaintiff had shown herself entitled to possession of the Montezuma claim by reason of a valid location, or by adverse possession for the statutory period, the mere failure to perform the annual assessment work, in the absence of a valid subsequent location of part or all of the same ground,

will not work a forfeiture. (*Snowy Peak Min. Co. v. Tamarack & Chesapeak Min. Co., supra.*) Plaintiff offered in evidence the location notice of defendant's "Jennie R." claim, as showing a hostile claim to a portion of the Montezuma ground by defendants. But the record does not show all the necessary facts to establish a valid location of the Jennie R. lode.

Plaintiff failed to establish any right to possession of the mining claim in controversy, and therefore the motion for nonsuit was properly granted, and it necessarily follows that the court was authorized to enter judgment against appellant.

We recommend that the judgment be affirmed, with costs to respondents.

McNaughton and Brinck, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed, with costs to respondents.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Budge, J., dissents.

Petition for rehearing denied.