## HEBER M. WELLS, Appellant v. M. W. DAVIS and C. H. LASHBROOK, Respondents.

Notice of Location — Of Mining Claim — Description — What Sufficient — Trial by Court Without Jury — Findings Supported by Some Evidence—Presumption as to Incompetent, Irrelevant and Immaterial Evidence Admitted — Expert Witness—When Opinion is Admissible in Evidence.

*Notice of Location— Of Mining Claim — Description — What Sufficient.*

> The law will not hold the locator of a mining claim to a strict and technical observance of the statute, in respect to the terms of his notice, so long as he substantially complies with its requirements; and if it appears that the location was made ·in good faith and by any reasonable construction, in view of the surrounding circumstances, the language employed in the description will impart notice to subsequent locators, it is sufficient,[1]

*Trial by Court Without Jury—Findings Supported by Some Evidence—Presumption as to Incompetent, Irrelevant, and Immaterial Evidence Admitted.*

> Where a cause is tried before a judge sitting without a jury and a clear preponderance of competent, relevant and material evidence supports the findings, the appellate court will not reverse because of errors in the court below in admitting incompetent, irrelevant or immaterial evidence, for the presumption in such case is that it was wholly disregarded.[2]

*Expert Witness—When Opinion is Admissible in Evidence.*

> While it is true that an expert cannot be asked to give his opinion based merely upon the testimony heard by him, whenever there is a conflict in such testimony, yet when the material facts are within such expert's own knowledge, and

---

[1] *Farmington Gold Mining Co.* v. *Rhymney Gold & Copper Co.*, 20 Utah, 363.

[2] *Mining Co.* v. *Haws*, 7 Utah, 515; *Maynard* v *Insurance Ass'n*, 16 Utah, 145.

related by him in his own testimony, he may give an opinion based wholly upon such personal examination and knowledge, without having such facts hypothetically stated.

( Decided July 21, 1900).

Appeal from the Third District Court Salt Lake County. Hon. Ogden Hiles, *Judge.*

Action by plaintiff in aid of a protest and adverse claim to certain mining ground. From a judgment for defendants, plaintiff appealed. *Affirmed.*

*Messrs. Ferguson & Cannon,* for appellant.

The court erred in admitting the defendants' exhibit "B" in evidence the notice of location of the Gold Reef Lode, the same not complying with Section 2324 of the Revised Statutes of the United States. *Darger* v. *Lesieur*, 9 U. 192; i. d. 8 U. 160.

The plaintiff's contention is that the veins should be described, the course of the work should be given, the proximity of the work to the locations, and whether or not such work so done had a tendency to develop said claims within the meaning of the decisions was a question of fact upon which an expert's opinion was not required, that the court was as capable of judging whether such work had a tendency to develop the claims after hearing the facts as the expert himself, and that such expert's opinion was hearsay. But if the expert's opinion is admissible to show that such work had a tendency to develop these claims, still he must either have been acquainted with the lodes, the condition of the grounds, the courses of the veins as to qualify him as an expert, or such hypothetical questions should have been put to him upon which to found his judgment, neither of which was done in this case.

One of the cardinal rules governing the admission of opinion evidence is that it must usually not alone be given by an expert, but must also be of such a character as not to fall within the range of common experience and observation, and therefore not be intelligible to jurors without the aid of an opinion.

See 12 Am & Eng. Enc. 2d Ed. p. 458, and numerous cases cited.  *Stunmore* v. *Shaw*, 6 Am. St. Rep. 412; *Hammond* v. *Woodman*, 66 Am. Dec. p. 228.

*Messrs. Dey & Street*, for respondents.

The error assigned to the admission in evidence of the location notice of the Mountain Mayd and of the Gold Reef lode are untenable.  The notices are sufficient. *Farmington Gold Mg. Co.* v. *Rhymney Gold & C. Co.*, 58 Pac. 832, Utah; *Wilson* v. *Triumph C. Mg. Co.*, 56 Pac. 303, Utah; *Hammer* v. *Garfield Mg. Co.*, 130 U. S. 130; *Bennett* v. *Harkrader*, 158 U. S. 441; 1 Lindley on Mines, Secs. 381 and 383; *Haws* v. *Victoria Mining Co.*, 160 U. S. 303.

If the evidence objected to was incompetent for any reason it affords no ground for reversal of the judgment as said by Blackburn, J., in *Mining Co.* v. *Haws*, 7 Utah, 515, 517.  See, also, *Maynard* v. *Ins. Association*, 16 Utah, 145; *People* v. *Burtleson*, 14 Utah, 258.

Rolapp, District Judge.

The respondents in this case made application before the United States Land Office at Salt Lake City for patent for the Mountain Mayd and Gold Reef mining claims, situated in West Mountain Mining District, Salt Lake County, and the appellant thereupon filed an adverse claim in such land office, claiming a title to certain mining ground called the Wells Lode, in conflict

with the ground included in the respondents' application for patent. In support of such adverse claim the appellant brought this action to determine his title to the mining ground in conflict. The respondents in their answer deny the appellant's right or title to the ground, and set up affirmatively that they were the owners of the land, and prayed for an adjudication and judgment to that effect. The cause was tried by the court, sitting without a jury, and was decided in favor of the respondents, and from such judgment the appellant appeals to this court.

For a reversal of the judgment the appellant relies upon two points: First, that the respondents' notices of location were insufficient, indefinite and uncertain, and that therefore it was error to admit such notices in evidence; and, second, that the respondents were erroneously permitted to show by expert testimony that certain work done by respondents had a tendency to develop both of the mining claims belonging to them, especially when it was not shown that such expert witness had a personal knowledge of the course of the veins, although he generally knew and had surveyed the mining ground in question.

As to the first point we think it wholly untenable. The notices of location read as follows:

"MOUNTAIN MAYD RE-LOCATION OF THE MOUNTAIN MAYD LODE.

"Notice is hereby given that the undersigned citizen of the United States has this the 14th day of November, A. D. 1878, re-located and reclaimed the location formerly known and recorded as the Mountain Mayd, and located on the 14th day of November, A. D. '73, and recorded in Book I of locations, page 154, on the 14th day of November, 1873; the said Mountain Mayd not having the required amount of work done thereon to comply with the

laws of Congress and this district; the said Mountain Mayd Lode being situated on the southeast side of Carr Fork, about 150 feet above the Levant Lode, between Log and Carr Forks, about 300 feet from the creek, in the West Mountain Mining District, Salt Lake County, Utah Territory, and running 500 feet northeasterly and 1,000 feet southwesterly from the notice monument and discovery shaft, with 100 feet on each side of the vein and along its course to the extent of this location with all its variations.

"M. W. DAVIS."

"GOLD REEF LODE.

"I, the undersigned citizen of the United States, claim 1500 lineal feet on this lode, ledge of rock in place, bearing precious metals following the course and width of the same, with all its dips, spurs, angles, and variations, commencing at this monument as an initial point, and running 300 feet northeasterly and 1200 feet southwesterly, situated between Muddy and Log Fork gulches under a certain prominent reef of rocks and about 250 or 300 feet southwesterly from the southwesterly end of the Bonham lode survey, hereby re-locating all old claims inside the boundaries of this claim subject to re-location; together with 100 feet on each side of said lode, with all the rights and privileges guaranteed by the laws of the United States as well as by the rules and regulations of this West Mountain Mining District, County of Salt Lake and Territory of Utah. This location is made in the name of the Gold Reef location this 14th day of November, '78.

"M. W. DAVIS."

We think these location notices are more than ordinarily definite. It is true that they might have been improved if prepared by or under the direction of an experienced

mining lawyer; but the law will not hold a locator to a strict and technical observance of the statute so long as he substantially complies with its requirements.

Says Chief Justice Bartch, in the case of *Farmington Gold Mining Company* v. *Rhymney Gold and Copper Company*, 20 Utah, 363, 58 Pac. Rep. 832: "Where the location was evidently made in good faith, we are not disposed to hold the locator to a very strict compliance with the law in respect to his location notice. If by any reasonable construction, in view of the surrounding circumstances, the language employed in the description will impart notice to subsequent locators, it is sufficient."

Nor do we think that appellant's second point is well taken. The record in this case discloses that testimony was introduced tending to prove a description of the veins and the course and situation of the work done with relation to the lodes, together with a clear preponderance of the testimony as to the value and tendency of said work to develop the respondent's mining claims. Under such circumstances, it cannot be reversible error to admit additional testimony upon such error, even if such additional evidence should be incompetent, because this court has repeatedly held that "When the judge tries the case without a jury, it is not reversible error to admit incompetent, irrelevant, or immaterial evidence, for he decides the case on the proper testimony only, and disregards utterly that which is incompetent, irrelevant, and immaterial, when a clear preponderance of competent, relevant and material evidence supports the findings of the court, this court will not reverse because of errors of the court below in admitting incompetent, irrelevant or immaterial evidence, for the presumption in such case is that it was wholly disregarded." *Mining Co.* v. *Haws*, 7 Utah, 515; *Maynard* v. *Insurance Ass'n*, 16 Utah, 145.

Moreover, the testimony in this case discloses that the expert (Gorlinski) was not only a well qualified mining expert, but he had personal familiarity with the mining ground in question, and had surveyed and knew the location of the shafts where the development work was claimed to have been performed; and while it is true that an expert cannot be asked to give his opinion based merely upon the testimony heard by him, whenever there is a conflict in such testimony, yet when the material facts are within such expert's own knowledge, and related by him in his own testimony, he may give an opinion based wholly upon such personal examination and knowledge, without having such facts hypothetically stated. *People* v. *Hare*, 57 Mich. 505; *Schmieder* v. *Barney*, 113 U. S. 645.

We find no error in the record, and the judgment of the lower court is affirmed, with costs against appellant.

BARTCH, C. J. and MINER, J. concur.