ANDREW P. HANSON v. OLE K. HELLIE.[1]

March 19, 1909.

Nos. 15,938—(227).

**Instruction Justified by Pleadings.**

To determine the value of what respondent parted with in a real estate trade, the trial court instructed the jury to find the difference between the value of the property and the incumbrance thereon—a building association contract. *Held*, the issue made by the pleadings justified the court in so instructing.

**Same—Failure to Make Request.**

But, conceding that, under the pleadings and evidence, appellant was entitled to have the jury consider the peculiar character of the incumbrance in determining the value of the premises, the court did not err in omitting so to instruct, in the absence of a request to that effect.

Action in the district court for Freeborn county to recover $1,935 damages for alleged fraud in the real estate transaction described in the opinion. The case was tried before Kingsley, J., and a jury which rendered a verdict in favor of plaintiff for $1,659.83. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Morgan & Meighen,* for appellant.

*Dunn & Carlson* and *P. C. Cornish,* for respondent.

LEWIS, J.

Respondent and appellant entered into a certain contract in writing, whereby respondent agreed to purchase from appellant three hundred eighty seven acres of land in the state of Kansas at the purchase price

[1] Reported in 120 N. W. 341.

of $3,483, to be paid as follows: $400 in four equal instalments, and to convey to appellant by warranty deed certain premises in the village of Alden "clear of all incumbrances, with the exception of a $900 mortgage to the Wells Building & Loan Association, which must be assumed by the said Ole K. Hellie." The Kansas land was held by appellant under a contract from the Union Pacific Land Company, and respondent agreed to assume and pay the deferred payments under that contract. Respondent executed and delivered the deed to the Alden property, and this action was commenced for the purpose of recovering the amount which he claimed to have been damaged by reason of fraudulent representations of appellant as to the value of the Kansas land.

By proper instructions the trial court submitted to the jury the question whether the fraud alleged had been perpetrated by appellant, and with reference to the measure of damages the court stated that it was admitted that respondent conveyed the Alden property, subject to a $900 mortgage to the Wells Building & Loan Association, and that he parted with $400 in notes and the difference between the value of the Alden property and the amount of the incumbrance of $900; that respondent was entitled to recover the difference between what he parted with and what he received. The court also directed the jury to determine the value of the property which respondent received; that, if the Kansas property was worth more than the amount of the unpaid purchase price at the time the contract was made ($1,393.-52), such excess represented the amount which respondent received; but, if the land was worth less than the amount of the unpaid purchase price, then respondent did not receive property of any value.

Respondent recovered a verdict, and appellant takes exception to the instructions, because the court assumed that the incumbrance against the Alden property made the value of the equity which respondent parted with to be just $900 less than the value of the premises, whereas the court should have instructed the jury to take into consideration the nature of the incumbrance in determining the value of the property. The incumbrance consisted of a building and loan association contract, which drew interest at the rate of ten per cent. payable in monthly instalments running several years, and it is assumed by appellant that the value of the premises was necessarily affected by a burdensome incumbrance. Appellant's position is without merit: (1) Because at the

time appellant consummated the trade he was notified of the nature of the incumbrance, knew that it was a building and loan association mortgage, contracted with respondent upon the basis of a $900 incumbrance, and assumed its payment. This was all admitted by the answer, and the question now urged is foreclosed. (2) Conceding, however, that appellant was not bound by his contract and by the pleadings, he cannot complain of the instructions, because no objection was made at the time, and the attention of the court was not called to the question now presented. What we have said also applies to the instruction of the court with reference to finding the value of the Kansas property.

The testimony on behalf of appellant, with the exception of that offered by him personally, as to the value of the Alden property, ranged from $1,500 to $1,800, and in instructing the jury the court referred to these amounts, without making special reference to appellant's testimony that the property was not worth more than the incumbrance. There was no prejudice in this, inasmuch as the court told the jury to take into consideration all the evidence in determining the value.

The criticism that on several occasions the court instructed the jury to return a verdict for respondent is not well taken. The first part of the charge dealt with the question of fraud, and the second part with the question of damages. The clear import of the entire charge was that, if respondent was entitled to recover anything, he should recover the difference in value between what he parted with and what he received.

No errors. Affirmed.