## BEAVER DRUG CO. v. HATCH.

No. 3929.   Decided July 2, 1923.   On Motion for Rehearing August 4, 1923.   (217 Pac. 695.)

1. FRAUD—EVIDENCE HELD TO SHOW VALUE REPRESENTED WAS BASED ON WHOLESALE PRICE OF GOODS. In an action by the purchaser of a retail drug business for false representatations of value of the stock, evidence *held* to show that the value represented was based on the wholesale and not the retail price at the place where the business was located.

2. APPEAL AND ERROR—TRIAL COURT'S FINDINGS ON CONFLICTING

EVIDENCE CONCLUSIVE ON APPEAL. The trial court's findings on conflicting evidence are conclusive on appeal.

3. FRAUD—REPRESENTATIONS AS TO VALUE OF GOODS HELD ACTIONABLE. The rule that, where parties deal at arm's length and on an equal footing, representations concerning the value of goods sold are not actionable, *held* not to apply to a statement of fact made by the seller of a business that the goods would inventory $4,000 and that the seller would guarantee their value to that extent.

4. EVIDENCE—PRICE RECEIVED BY STOCKHOLDER FOR HIS SHARES HELD NOT CONCLUSIVE EVIDENCE AS TO VALUE OF ENTIRE CORPORATE STOCK. The price that a stockholder may have received for his shares is hardly persuasive, much less conclusive, as to the value of the entire corporate stock.

5. FRAUD—PRICE FIXED BY THIRD PARTY SELECTED BY SELLER AND BUYER SUBSTANTIAL EVIDENCE OF ACTUAL VALUE OF GOODS. In an action for false representation of value of stock in a retail drug business sold, *held*, that the price fixed by a wholesale drug company selected by both the seller and buyer for determining the value is substantial evidence of the actual value of the goods at the time they were purchased.

6. FRAUD—MEASURE OF DAMAGES TO BUYER OF GOODS APPROVED. Where the value of a stock of goods purchased was represented to be $4,000 and the buyer paid that amount, but the actual value of goods was worth only $2,834.59, a recovery of the difference as damages was proper.

Appeal from District Court, Fifth District, Beaver County; *W. F. Knox*, Judge.

Action by the Beaver Drug Company against R. A. B. Hatch. From a judgment for plaintiff and from an order refusing motion for a new trial, defendant appeals.

AFFIRMED.

*C. T. Woodbury*, of Milford, and *P. C. Evans*, of Salt Lake City, for appellant.

*O. A. Murdock*, of Beaver, and *Sam Cline*, of Milford, for respondent.

THURMAN, J.

On the 11th day of January, 1921, plaintiff corporation purchased of defendant that certain business in Beaver City, Utah, known as the Beaver Drug Company, consisting of a stock of drugs, merchandise, fixtures, fountains, showcases, and all appurtenances and equipment pertaining to the business, for the sum of $7,500. $2,500 was paid in cash, and the remainder under the terms of the sales agreement was to be paid as provided in a promissory note executed contemporaneously with the agreement as follows: $100 on or before the 1st day of March next following, $100 on or before the first day of each calendar month thereafter until the sum of $5,000 was paid, with interest at 7 per cent. per annum from date of the note, payable quarterly. If interest and principal were not paid when due, the holder of the note, at his option, was authorized to declare the whole amount due and proceed to collect the same. The agrement, which was in writing, also provided that the plaintiff, as party of the second part, within 60 days from the date of the agreement and every 60 days thereafter, should make a full, true, and correct inventory of the stock of goods and other property hereinbefore mentioned at its fair cash value and deliver a copy thereof to the defendant. It was further agreed that until the full payment of said note plaintiff should keep on hand a stock of goods and other property equal in value to the value shown in said inventory, and in the event the second party should fail to perform any of the covenants in said agreement or make default in payment, as provided in the note, the defendant as the first party to said agreement should have the right of immediate possession and ownership of said property and business and the right to retain all payments theretofore made as rental and liquidated damages. The note was secured by chattel mortgage on the property. Upon the execution of the agreement and note plaintiff paid defendant the sum of $2,500 as provided therein, and it is alleged in the complaint that plaintiff kept and

performed all of its agreements and promises in said agreement according to the terms thereof.

The complaint further alleges that prior to the incorporation of plaintiff negotiations for the purchase of said property were carried on between three of plaintiff's incorporators and the defendant with the view of purchasing said property from defendant and forming a corporation to carry on the business; that in and during said negotiations for the purchase of said property defendant, who for 10 years previous was the owner and sole manager of said business, represented to said incorporators, to wit, John F. Barton, Charles H. Anderson and E. Stanley Tattersall, that the good will of said business was worth $1,000, that the fixtures were worth $2,500, and that an inventory of the stock of merchandise and drugs, at cost price in Beaver City, would total at least $4,000. It is then alleged that said representations were false and untrue; that defendant knew them to be untrue because of his long familiarity with the business, the stock therein, and the cost thereof. It is further alleged that defendant knew that said persons were wholly dependent upon what defendant said in reference to the business and the stock of drugs and merchandise, and that he made such false representations for the purpose of inducing plaintiff to buy said business knowing that plaintiff was relying upon said representations. It is then alleged that plaintiff wholly relying upon said representations, and believing the same to be true, purchased said business and in good faith made, executed, and delivered the agreement, note, and mortgage above referred to; that in compliance with the terms of said agrement the plaintiff made a full and complete inventory of said drugs, merchandise, etc., and ascertained the wholesale price thereof to be $2,576, and no more, in Salt Lake City, and added 10 per cent. thereto for freight and delivery to Beaver City, which made the cost price at Beaver City the sum of $2,834.59; that immediately after ascertaining the amount of said inventory, on or about February, 1921, plaintiff sent to defendant a copy of the same and made demand upon him that he enter a credit upon plaintiff's note for a

sum equal to the difference between what plaintiff agreed to pay for the goods and the value as ascertained by said inventory, to wit, the sum of $1,165.41, for which sum plaintiff prays judgment against the defendant. The foregoing are the essential allegations of the complaint.

Answering the complaint, the defendant admits the sale of the property and the agreed purchase price as alleged in the complaint; admits he understood that a corporation was to be formed to carry on the business, but denies that he made the representations alleged in the complaint as to the value of the property. He admits that he was familiar with the stock of goods, and the price thereof, and alleges that it was worth the sum for which he sold it to the plaintiff, to wit, $7,500. Denies that plaintiff made demand upon him to credit $1,165.41, or any other amount, on the note, or that plaintiff has been damaged in any amount whatever. Defendant counterclaims for the balance due upon the note whcih he alleges is the sum of $3,600, as principal (after crediting thereon payments theretofore made) and interest thereon from the 29th day of October, 1921. Defendant also demands $500 as attorney's fees, and a foreclosure of the mortgage.

The court to whom the case was tried without a jury found for the plaintiff as prayed for in the complaint. A motion for a new trial was overruled. Judgment was entered for plaintiff. Defendant appeals and assigns as error certain findings of the court and denial of defendant's motion for a new trial.

There seems to be no contention between the parties as to the value of the good will or fixtures. The whole controversy relates to the value of the drugs and merchandise and defendant's representations concerning the same, and also whether it was the wholesale or retail price.

There is substantial evidence in the record to show that during the negotiations for the purchase of the property defendant knew that the persons with whom he negotiated contemplated forming a corporation to take over the property

and that they were making inquiry for the purpose of determining the actual value before purchasing the same. There is also substantial evidence to show that defendant said that the stock of drugs and merchandise would inventory at least $4,000 in value, and that he would guarantee that amount. Forthermore, the evidence shows that the inventory of the goods made by plaintiff, copy of which was delivered to defendant, was full, fair, and complete and was sent with the knowledge and consent of defendant to Smith-Faus Drug Company, Salt Lake City, to whom was submitted the matter of determining the price; that the price ascertained by said drug company was $2,576.90, as the wholesale price at Salt Lake City. To this was added 10 per cent. for freight and delivery at Beaver City, making the total cost at said city, as before stated, $2,834.59. It also appears from the evidence that the persons with whom defendant negotiated the sale relied upon the defendant's assurances that the stock of goods would inventory at least $4,000, and that the purchase price was made on that reliance. The defendant admits in his answer that he was familiar with the goods and the price. The evidence shows that the purchase of the stock of merchandise would not have been made except for the representations made by defendant that it would inventory at least $4,000, and that defendant would guarantee that value. In fact, there is evidence that defendant said the stock was worth $5,000, but this seems to have been a mere expression of opinion.

The defendant made no reply to the demand made by plaintiff for a credit upon the note of the difference between the agreed price and the value as ascertained by the inventory, notwithstanding it appears he received the communication in which the demand was made. Neither does it appear that defendant made any objection to the inventory upon which the value was determined by the Smith-Faus Drug Company. As to whether the value represented by the defendant was based upon the wholesale or retail price of the goods, the question seems to be a matter of inference. The

writer is unable to find any direct evidence upon that feature of the case. The inference, however, is reasonably clear and satsifactory. The goods were purchased in bulk. They were purchased, of course, for the retail trade. To assume that plaintiff purchased the goods at the price for which it could sell them in the retail market after incurring the expense of making the sale is so contrary to all human experience as to be entirely unbelievable. There is nothing in the evidence to justify the belief that plaintiff was so anxious to purchase the goods as to be willing to pay therefor all they would bring in the retail market when sold at its own expense. Especially does this appear more manifest when we consider that in addition to the price agreed upon for the goods plaintiff agreed to pay the full price demanded by defendant for the good will of the business and also the fixtures. We have no hesitancy in holding that the price agreed upon between the parties must have been the wholesale price at Beaver City.

There is but little, if any, controversy as to the law applicable to the case. There is a dispute as to the facts, but the court's findings in that respect are conclusive. There is also a dispute as to the conclusion to be drawn from the facts. It is contended by appellant that whatever representations were made as to value, if any were made, were mere expressions of opinion, and he cites Mechem on Sales, par. 936, in which it is stated that where parties deal at arm's length and on an equal footing, representations concerning the worth or value of the goods sold will neither sustain an action nor warrant rescission. This doctrine is unchallenged. However, it has no application in the instant case. The representation as to the price of the goods was not a mere expression of opinion, but a statement of fact. The statement was that the goods would inventory $4,000 and that defendant would guarantee the same. The inventory was to be made within 60 days from the date of the sale and be made by the Smith-Faus Drug Company of Salt Lake City. It was so made and found to be $1,165.41

less than represented by defendant during the negotiation of the sale.

Defendant's counsel cite authority to the effect that in actions for deceit grounded upon false representations as to value, the true measure of damages is the difference between the actual value of that which the purchaser parts with and the actual value of that which he receives under the contract. In other words, it is the loss the purchaser sustains and not the profits he might have made. The following cases are relied on: *Rockefeller* v. *Merritt,* 40 U. S. App. 666, 76 Fed. 909, 22 C. C. A. 608, 35 L. R. A. 633; *Stratton, etc.,* v. *Dines,* 135 Fed. 449, 68 C. C. A. 161; *Hanson* v. *Hellie,* 107 Minn. 375, 120 N. W. 341; *Alden* v. *Wright,* 47 Minn. 225, 49 N. W. 767; *George* v. *Hesse,* 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. Respondent does not challenge the doctrine of these cases, but insist that the facts of the case bring it within the rule. It contends that the actual value it parted with for the goods was the sum of $4,000, while the value of the goods, as shown by the inventory, was only $2,834.59.

It appears that the gentleman furnished by Smith-Faus Drug Company to price the goods in the inventory was the pricing clerk of that company and was an expert in the business. There is nothing whatever to indicate that the price named in the inventory was not the actual wholesale value of the goods in Salt Lake City. To this was added 10 per cent., which the same expert stated would be ample to pay for the shipment and delivery at Beaver.

It is true that one or two of the stockholders of plaintiff, after the purchase was made, sold their shares at a small profit, but the same parties testified that the stock was not worth what plaintiff paid for it. The price that a stockholder may have received for his shares is hardly persuasive, much less conclusive, as to the value of the entire stock.

We are disposed to hold that the price fixed by the Smith-Faus Drug Company, selected by both plaintiff and

defendant for the purpose of determining the value, is    **5, 6**
substantial evidence of the actual value of the goods
at the time they were purchased.

In addition to the authorities cited by appellant, which
are not challenged, respondent relies on the following: Comp.
Laws Utah 1917, § 5121; *Swinney* v. *Patterson*, 25 Nev. 411,
62 Pac. 3; *Smith et al.* v. *Werkheiser*, 152 Mich. 177, 115 N.
W. 964, 15 L. R. A. (N. S.) 1092, 125 Am. St. Rep. 406;
*Campbell* v. *Zion's Co-op. Home Bldg., etc., Co.,* 46 Utah, 1,
148 Pac. 401.

There being no controversy as to the law of the case, it is
not necessary to review the authorities at length. It is suf-
ficient to say they amply sustain respondent's contention.

We have not deemed it necessary to consider appellant's
assignments of error in consecutive order. We have en-
deavored, however, to cover every controverted point which
appeared to be in any sense material.

The judgment of the district court is affirmed, at appel-
lant's cost.

WEBER, C. J., and GIDEON and CHERRY, JJ., concur.

FRICK, J., did not participate herein.

On Petition for Rehearing.

PER CURIAM. Appellant on application for a rehearing
erroneously assumes that the opinion of the court holds him
liable for mere expressions of opinion as to value. Such is
not the case. Appellant repersented that the goods would
inventory a certain price and that he would guarantee the
same.

Appellant did not in argument represent that the find-
ings of fact on defendant's counterclaim were conclusions
and therefore insufficient; hence that assignment was aban-
doned.

The court is of opinion that while appellant's abstract was
not as full as it should have been, to fairly state the issues

and the evidence, the respondent's abstract was unnecessarily voluminous, and that only 50 per cent. of the cost of printing the same should be taxed against appellant.

With this modification of the judgment the application for a rehearing is denied.